Parker, C. J.,
delivered the opinion of the Court.
The receipt and promise, upon which the present action is brought, constitute a lawful contract, and the plaintiff is entitled to judgment unless the objections made on behalf of the defendants ought to prevail.
*292 The first objection is, that the property never was attached, and that therefore no consideration exists for the undertaking of the defendants ; and this objection results from the evidence that the goods ieturned as attached were not actually seized by the officer, although he was in the house of the debtor where the goods were kept at the time.
We cannot think that the debtor himself, or his friends, can take this exception. Although an actual possession of goods attached may be necessary,-to prevent the operation of a second attachment, yet, if the officer, for the accommodation of the debtor, at the instigation of his friends, relieves him from the inconvenience of having his goods removed, the debtor can have no ground of complaint; and the receiptors are precluded, by their own act, from calling in question the validity of the attachment. (3)
With respect to the second objection, viz., that the seizing in execution of the body of the debtor makes void all liability in consequence of the attachment of the goods, and the receipt, we are not satisfied that it has any weight.
In the'first place, it is observable that this was done without the. direction, either of the creditor, or of the plaintiff [ * 320 ] * who made the attachment. It would be manifestly unjust that the creditor, who had obtained security by the attachment, and also had, in consequence of the vigilant pursuit of his proper remedy, obtained a right of action against the sheriff! should lose that security, because another officer, without his consent, had chosen to execute the final precept in a manner different from what the creditor contemplated. And it would be still more hard that the officer, who had made himself liable to the creditor, should lose the benefit of the contract, which was made to indemnify him for departing from a strict performance of his duty for the benefit of the debtor; because another officer should manage the execution of his own head, probably with the connivance of the debtor, so as to defeat the creditor’s security.
But there is no reason for supposing that the .mere arrest and commitment of the debtor operates to discharge the contract made between the attaching officer and the present defendants. A satisfaction of the judgment would undoubtedly have that effect; because it would take away all consideration for the promise. But a liberation, under the act for the relief of poor debtors, has not that effect; the act itself providing that the estate, goods, and chatte’ of the debtor shall remain liable for the debt after the liberation o» the debtor from prison.
*293 A taking and actual commitment in execution, by direction or consent of the creditor, may be a satisfaction at common law, so as to prevent all future process for the debt. But the privity of the creditor is necessary to give it this effect, (a) In England, the taking out of a copias ad satisfaciendum is considered to be an election to have the body, instead of the goods or lands; but this election is made by the creditor himself. Our writ of execution comprehending the copias, fieri facias, and levari facias, the taking it out is in no degree indicative of the manner in which it is to be served. The election is therefore made when the directions are given to the sheriff to take land, goods, or the body, or when the service is made by the sheriff in either of those ways, with the privity or subsequent assent of the * creditor. But if [ * 321 ] the sheriff acts contrary to the directions of the creditor, or against his manifest interest, the creditor shall not be so bound as to lose a security which he had previously and lawfully acquired.
The only view in which this case can be considered as doubtful is, that, as the execution was served by an arrest of the body of the debtor, the goods attached must be considered as released upon that act; because they are holden only until thirty days after judgment; and so that the promise of the defendants to deliver the goods, which was available only to enable the sheriff to satisfy the execution, is discharged.
But we think that the demand upon the sheriff, within thirty days, of the property attached, and the subsequent demand made upon the defendants, for the very purpose of satisfying the execution out of their proceeds, connected with the absolute liability of the plaintiff to the creditor, fixed the right of the plaintiff to enforce his contract, or to recover damages for the breach of it; and that the subsequent arrest of the debtor, without direction from the creditor, and without the consent of the present, plaintiff, does not in any degree impair that right. (b)

Judgment according to the verdict.

 Strange, 444, 643.

 Almy & Al. vs. Wolcott, 13 Mass. Rep. 73. — Bailey vs. Jewell & Al. 14 Mass Rep. 155.

 See Jewett vs. Torrey, ante, 219. — Bridge vs. Wyman & Al. 14 Mass. Rep 190. — Andrews vs. Ludlow & Trs. 5 Pick. 28.