The opinion of the Court was afterward drawn up by
Parker C. J.
We can see no reason why the plaintiff should not recover according to the terms of his contract, the contingency on which he promised to pay having happened.
It is no answer to say that Stedman and Bartlett, for whose use the money is to be paid, did not take out their execution within thirty days after recovery of their judgment. Had the goods been left with White upon his attachment, they might have been seized upon the execution after the thirty days, if no other attachment had interposed. And now, on receiving the money, White may satisfy that execution. While the suit was pending respecting the controverted rights of White and Bagley concerning the special property, it was useless to take out the execution. If it is now in the hands of White, he will discharge it on the receipt of the money, and if not, he will be liable to an action by Stedman and Bartlett, for he is their agent in receiving the money. Suppose instead of an action of trover and a judgment for costs in the action of Bagley v. White, the action had been replevin and a judgment for return, *297 the goods on being returned to White would be seized 01 Stedman and' Bartlett’s execution. Notice to Bagley of the recovery of judgment by Stedman and Bartlett and a demand upon him for payment according to his contract, is quite sufficient to malee him liable to White, and there is no pretence for supposing that White can appropriate this money to his own use. The case of Lyman v. Lyman, 11 Mass. R. 317, is much like the case at bar.

Judgment according to verdict.