Metcalf, J.
The defendants object to the plaintiff’s right of recovery, that it does not appear that the execution, which issued on the judgment in the original action, was delivered to Him within thirty days. But this objection is not open to them, on this bill of exceptions. The ruling of the court of common pleas was, that the arrest and commitment of Foot, on execution, and the suit brought against him and his sure ties, for a breach of the condition of his bond for the prison limits, “did not constitute a sufficient ground of defence to the action” on the receipt. No other question appears to *514 have been raised in the court of common pleas, and no other can be raised in this court.
By the common law, the commitment of a judgment debtor in execution was a satisfaction of the judgment. But, by our law, it, is otherwise. If the debtor is discharged from prison, on taking the poor debtors’ oath, his property remains liable to seizure, either on an alias execution, or a writ in an action of debt on the judgment. The execution is functus officio, by the commitment of the debtor, but the judgment is not thereby satisfied. The liability, therefore, of the attaching officer to the judgment creditor, is not necessarily affected by the commitment of the debtor on execution. If the debtor pays the debt, after commitment, the judgment is satisfied, and the creditor has no further claim on the officer. But if the debtor is discharged, or escapes from prison, his liability to pay the judgment remains undischarged, and the creditor is entitled to all other means, which the law affords him, of obtaining payment.
The only question in the present case is, whether the original creditor, Goodrich, has waived or lost his right to call on the plaintiff for the goods, or the value of the goods, which he attached on the original writ.
It was argued for the defendants, that Goodrich, by directing that his debtor should be committed on execution, had relinquished the attachment, or his rights under it, and elected to rely on the coercive power of imprisonment alone for his remedy. And the case of Lyman v. Lyman, 11 Mass. 317, was cited in support of this position.
In the first place, this bill of exceptions does not show that the debtor was committed to prison by the direction, or with the consent of the creditor. The suit brought by the creditor, on the bond given for the prison limits, does not necessarily prove that the commitment was at his instance, or with his knowledge. He might well attempt to obtain his debt of the sureties on that bond, if the condition thereof had been broken, although he did not direct the commitment.
But secondly, the case of Lyman v. Lyman does not decide that a commitment of the debtor, by the creditor’s order, is a *515 release or waiver of the attachment of property, or a discharge of the attaching officer. Nothing further was decided in that case, than that a commitment, against the creditor’s will, or without his knowledge, did not exonerate the attaching officer from his liability to account to the creditor for the goods that had been attached, and therefore did not exonerate the receiptor from his liability to the officer. The effect of a commitment by the creditor’s direction was left undecided. And we are of opinion that a creditor does not, by the mere fact of ordering his debtor to be committed on execution, after a seasonable demand on the receiptor, and his refusal or omission to deliver the attached property, necessarily relinquish his claim on the attaching officer for the value of the attached property. He may be willing, for various reasons, to resort to other means to obtain payment, and still retáin a right of ultimate resort to the officer, if those means fail. And we understand that this point was so decided in Bailey v. Jewett, 14 Mass. 155. We are of opinion that no collateral security is waived or lost by the mere legal operation and effect of committing the debtor to prison. While the debtor remains in prison, or within the prison limits, other measures against him, to obtain payment, must be suspended, except that of commencing an action of debt on the judgment, and attaching the debtor’s goods, &c., in the hands of a trustee, as authorized by the Rev. Sts. c. 98, § 25.
It was said by the defendants’ counsel, that the attaching officer’s liability to the creditor is the test of the receiptor’s liability to the officer. In the present case, it may be so. And if it is, we may decide the case by that testfor we see nothing in the facts set forth in this bill of exceptions, which shows that the plaintiff is not liable to the judgment creditor for the value oí the property for which the defendants gave a receipt. That receipt we must take to be a binding contract, unless the contrary is shown.
The suit on the bond for the liberty of the jail limits is referred to in the bill of exceptions. And we know, judicially, that judgment on that bond has been rendered at the present term. But this cannot affect the case before us. If the *516 judgment creditor shall attempt to get double payment, by means of two different judgments, a writ of audita querela will secure the other parties from injustice.

Judgment on the verdict.