Metcalf, J.
This is a writ of scire facias, sued out, pursuant to the Rev. Sts. c. 109, § 38, against a party who was summoned and charged as trustee in a suit by the plaintiffs against W. H. Whitely. Judgment was recovered in that suit, and an execution was issued, in the usual form, against W. H. Whitely, and his goods, effects and credits, in the hands and possession of the present defendant, and was delivered to an officer, who demanded of him such goods, effects and credits ; but he refused or omitted to deliver them to the officer, or to pay him any money. The officer afterward committed W. H. Whitely to jail, on the same execution, and he was discharged from imprisonment, on taking the poor debtor’s oath.
The defendant is now called upon to show cause why *290 judgment and execution should not be awarded against him, and his goods and estate, for the amount of the judgment against W. H. Whitely. And he contends that such judgment and execution ought not to be awarded, because, as he avers, he is discharged from all liability to respond to the original judgment, by reason of the commitment of the principal debtor to jail, on execution. This discharge is claimed on two grounds : —
“ 1st. That such commitment was a satisfaction of the judgment, by the common law, and is still a satisfaction, except as against the property of the judgment debtor, whicr: may be taken on a new suit against him, according to the Rev. Sts. c. 97, § 59, and c. 98, § 25.
“ 2d. That the plaintiffs, by electing to commit their debtor in execution, have discharged the present defendant from his liability to them as trustee.”
It is unnecessary to discuss the common law doctrine concerning the effect of the commitment of a debtor in execution. For it has been the law of Massachusetts, ever since debtors were permitted to be discharged from imprisonment on taking the poor debtors’ oath, that the judgment against them shall remain in full force, and may be satisfied by levy on their property, after their discharge. And ever since the St. of 1788, c. 16, a judgment creditor has been allowed to bring an action on the judgment, and summon a trustee of the debtor, even whilst the debtor is in confinement on execution — discharging him from imprisonment within seven days. So, by St. 1819, c. 94, a creditor may discharge his imprisoned debtor, who claims support as a pauper. And so, since St. 1821, c. 22, the jailer may discharge a debtor from imprisonment, if the creditor neglects to advance money, or give security for the debtor’s support in prison. See Rev. Sts. c. 97 and 98. In all these cases, except when the debtor is convicted of having wilfully sworn falsely when taking the poor debtor’s oath, the debtor’s body is exempted from a second commitment; but the judgment, by express statute provision, remains a legal claim, which may be enforced against his property. A commitment in execution, therefore, in all these *291 cases, is not a satisfaction or discharge of the judgment. It is sometimes called a satisfaction of the execution; although, in legal strictness, it would be more proper to say that, by a commitment of the debtor, the execution is functus officio.
E. N. Moore, for the plaintiffs
G. Minot, for the defendant.
Nor can the second ground of discharge, taken by the defendant, be maintainted. It does not appear whether W. H. Whitely was committed to prison by the direction, consent or knowledge of the plaintiffs; nor is it material. For it has been decided that a receiptor of attached property is not discharged from his contract to redeliver it to the officer, by reason of the subsequent commitment of the judgment debtor in execution; whether that commitment be made with or without the creditor’s direction, consent or knowledge. Lyman v. Lyman, 11 Mass. 317; Bailey v. Jewett, 14 Mass. 155; Twining v. Foot, 5 Cush. 512. Those cases are not distinguishable, in principle, from this. In all of them, the receiptors were rendered hable by a seasonable demand on them for a return of the goods. In this case, the defendant was made hable to a writ of scire facias, by a demand on him for the goods, &c., of W. H. Whitely, and by his refusal to deliver them, or to pay money, to the officer. And this liability is not discharged by the subsequent commitment of the debtor in execution, any more than a receiptor’s liability is discharged by such commitment.

Judgment for the plaintiffs.