The opinion of the Court was delivered by
Whitner, J.
This was trover to recover the value of certain chattels in which the plaintiff set up a property, in virtue of a levy as sheriff.
The report informs us that a levy was endorsed on the execution ; that to the execution was attached a paper, enumerating the articles, on which was written the defendant’s acknowledgment of a levy.
The demand, refusal and conversion by defendant, and the value of the property, were proved, and a decree rendered for the plaintiff.
The ground of appeal raises the question whether the proof sustained the decree, the sheriff not having made such a levy as the law requires.
By way of explaining the levy, the defendant invited an inquiry into the character of that acknowledgment, as gathered from the writing itself, and the proof made of attendant circumstances. It is enough on this point to say, the review has satisfied us that the facts, taken in connection, justify the report: that the writing was intended, and should operate, as an acknow. lodgment of levy. The proof is silent, however, as to the fact whether the sheriff ever had the property in his power or control, or even within his view. Hence it is insisted that the proof is deficient; that these being essential elements, in order to constitute a valid levy, they should have appeared.
*39 Moss vs. Moore & Adams, 3 Hill, 276, and Weather by vs. Covington, 3 Strob. 27, were cases in which acknowledgments of levy, unaccompanied by actual seizure, were held good, even as against third persons. In the former case, however, the sheriff had the property in view, and therefore the power to take into his possession, and in the latter it is urged the same is fairly to be inferred, though the fact is not expressly stated in the report. In each case, the actual custody remained with the defendant.
In this case, we must not lose sight of the fact that the contest is between the original parties to the transaction — the sheriff and the defendant in execution.
For certain purposes, the sheriff is the agent of each party to an execution in his hands. Obligations devolve, and rights for his protection arise, at every step as he proceeds in the discharge of his duty, to make the money.
By the endorsement of a levy, there is no doubt that he greatly increased his own liability. This was his acknowledgment of possession, and hence flowed the consequences as to him. This was induced by the act of the defendant. He derived therefrom a direct benefit and accommodation. By his own acts he has acknowledged his own possession as subordinate to the sheriff, and by them has precluded himself from calling in question the validity of the levy. I perceive neither hardship nor injustice in maintaining that he had waived his rights and dispensed with the usual formalities. For the purposes of this case, however, it is quite enough, and we are in no way disposed to strain a rule that another should fall into his snare. These views find sanction in very respectable authorities, to be found in 11 Mass., 317, and 6 Watts, 468.
The motions to reverse the decree and for a new trial are dismissed.
Q’Neall, Waedlaw, Withers and Glover, JJ., concurred.

Motions dismissed.