## DELIVERANCE WOODWARD *vs.* JAMES HOPKINS.

An officer, who, at the request of the judgment creditor, commits a debtor on execution to the jail farthest from his residence, although requested by the debtor to commit him to a nearer jail in the same county, is not liable to an action by the debtor.

ACTION OF TORT against a deputy sheriff, for arresting the plaintiff on an execution issued from the court of common pleas for this county, and committing him to the jail in Concord, under the following circumstances, which were admitted at the trial in the court of common pleas:

The defendant arrested the plaintiff while at work at Tewksbury, about one mile from his place of residence in Lowell, and

about the same distance from the jail in Lowell, and conveyed him to the station of the Stony Brook Railroad in Lowell, within a quarter of a mile of said jail, and thence over said road, which is the usual way, about fifteen miles, to Concord, where he committed him to jail, from which he was subsequently discharged on paying a portion of his debt. The plaintiff, while at the station in Lowell, requested the defendant to commit him to the jail in Lowell; but the defendant refused. There are three jails in this county; one in Concord, one in Lowell, and one in Cambridge, at either of which there was, at the time of this commitment, sufficient room and accommodation to secure and confine the plaintiff. The execution was in the usual form, commanding the officer to commit the judgment debtor to either of the jails in this county. It was also admitted, if competent to be proved, that the attorney of the judgment creditors directed the defendant to commit the plaintiff to the jail in Concord, instead of that in Lowell, because his clients had been informed that the plaintiff had said that he would as lief as not go to jail at Lowell, where his friends could take care of him, and the creditors would be at the expense of paying his board, while he remained in jail.

Upon these facts, *Hoar*, J. ruled " that the plaintiff could not recover; that the choice of a jail to which to commit the defendant, was a matter for the discretion of the officer, not subject to the revision of the jury; the remedy for its abuse or oppressive exercise being the removal of the officer, and not an action; the power being analogous to that which an officer has to select the property which he will attach." And a verdict being returned for the defendant by order of the judge, the plaintiff alleged exceptions.

*J. G. Abbott*, for the plaintiff. An officer is always bound so to execute legal process, as not to be guilty of oppression, or in any respect to do more than is reasonably and fairly necessary to execute his duty. Bac. Ab. Sheriff, N. 1. *French* v. *Bancroft*, 1 Met. 502. An officer, who does an act, which would otherwise be justified by his precept, for the purpose of oppressing and vexing a debtor, when that precept might be complied

with by following another course not oppressive and vexa-
tious, is liable in damages.    *Rogers* v. *Brewster*, 5 Johns. 125.
*M'Donald* v. *Neilson*, 2 Cow. 139.    *Phillips* v. *Bacon*, 9 East, 303.
*Sutton* v. *Johnstone*, 1 T. R. 503.    *Malcom* v. *Spoor*, 12 Met. 279.
*Six Carpenters' case*, 8 Co. 146.    Thus an officer, who, with the
intention of oppressing and vexing a debtor, refuses to take
property tendered by the debtor, and sufficient to satisfy the
execution, and seizes another article which the debtor requests
him not to take, is liable to an action.    5 Johns. 125.

In this case, the object to be obtained was the restraint of
the body of the plaintiff, in one of the Commonwealth's jails
in this county, as security for the payment of the debt.    The
plaintiff had the right to be taken to the nearest jail, if he
desired it.    Conveying him to the jail most inconvenient to
him, and furthest from his house, is analogous to loading a
prisoner with chains, without any attempt on his part to escape,
upon the ground that the officer has the right to take all reason-
able means to secure his prisoners.    See 2 Cow. 185.

And the plaintiff had a direct pecuniary interest in being
committed to the nearest jail; for on being released by paying
the judgment, or discharged by taking the poor debtors' oath, he
is obliged to return home at his own expense.    And the officer,
by the increased travel, enlarges his own fees, which are a
charge upon the debtor.

*B. F. Butler*, for the defendant.

DEWEY, J.    The execution commanded the officer to arrest
the body of the judgment debtor, and commit him to either of
the jails in the county of Middlesex.    In pursuance thereof he
was committed to the jail at Concord, one of the jails of that
county.    No other abuse of authority is alleged against the
defendant, in the mode of serving the process, than what results
from taking the debtor to the jail at Concord, contrary to his
request to be committed to the jail at Lowell.    The laws of the
Commonwealth, establishing three jails in as many different
towns in the county of Middlesex, have not limited their use
as a place of imprisonment to the inhabitants of, or persons
arrested in any particular portion of the county; but provide

them indiscriminately as places of confinement for all persons arrested within the county, leaving it, as it would seem, to the discretion of the officer to commit to either of the jails. It would have been competent for the legislature to provide by law that the jail located at Concord should be the place of commitment of all persons arrested in certain designated towns, and that persons residing in certain other towns should, in case of their arrest, be committed to the jail at Lowell, and certain others to the jail at Cambridge. But no such law has been made. There is no ground, therefore, for saying that the officer has abused his authority, or has been guilty of oppression, in committing the plaintiff to the jail at Concord. The right to maintain this action must rest upon the supposition that the judgment debtor had the legal right to require his commitment to the jail at Lowell. But the position cannot be maintained.

The rule has been understood to be, that if the process might be served in various ways, it was at the election of the creditor to select the mode, and the officer should conform to his instructions. *Lyman* v. *Lyman*, 11 Mass. 317. The Rev. Sts. *c.* 97, § 12, provide that "when an execution is in the alternative, so that it may be lawfully served in either of two or more ways, the creditor or his attorney may require the officer to serve it in either of those ways; and it shall be the duty of the officer to conform to such directions, if it is in his power to do so." The more particular object of this provision was doubtless to secure to the creditor the right to take either the body of the debtor, or his land, or chattels, at his election; but it shows that the debtor has no right of election as to what property shall be seized, or whether his body may be taken in lieu of property. It furnishes no ground of action against the defendant that he committed the plaintiff to the jail at Concord, that being one of three jails used indiscriminately for committing poor debtors in the county of Middlesex, and the same being in accordance with his precept, and well authorized thereby.                *Exceptions overruled.*