PETER DOOLEY *vs.* NORMAN COTTON & another.

It is no objection to the lawfulness of a commitment on execution of one of two judgment debtors, or to the validity of a bond for the liberty of the prison limits, given to relieve him from such imprisonment, that, before his arrest, he requested the officer to satisfy the execution out of the personal property of the other defendant, and offered to point out a sufficient amount of such property.

ACTION OF CONTRACT on a bond for the liberty of the prison limits, executed by Cotton as principal and the other defendant as surety, to relieve Cotton from imprisonment on an execution against him and one Jones. At the time of Cotton's commitment, he requested the officer not to commit him, but to satisfy the execution by a seizure and sale of personal property of Jones, and proposed to point out sufficient unincumbered personal property of Jones to satisfy the execution; but the officer declined to take said property, and, by order of the plaintiff, arrested Cotton, and committed him to jail, he protesting against the arrest, and denying the right of the officer to arrest him. The execution upon which Cotton was arrested, after reciting the judgment, " whereof execution remains to be done," proceeded as follows: " We command you, therefore, that of the goods, chattels or lands of the said defendants, within your precinct, you cause to be paid and satisfied unto the said plaintiff, at the value thereof in money, the aforesaid sums," &c.; " and for want of goods, chattels or lands of the said defendants, to be by them shown unto you, or found within your precinct, we command you to take the bodies of the said defendants, and

them commit" to jail, &c. This execution was returned to the clerk's office, and an alias execution issued for the whole amount of the judgment, which is still unpaid. The parties submitted the case to the court of common pleas at February term 1855, upon these facts, and agreed that if the action could be maintained, judgment should be rendered for the plaintiff for the amount of the original execution and interest ; otherwise, for the defendants. The case came to this court by appeal from the judgment of the court of common pleas.

*J. C. Wolcott*, for the defendants. The officer might lawfully, by direction of the creditor, have levied the execution either on goods and chattels, or on lands. But he was not authorized by law, nor by the form of his execution, to take the body of one of the defendants, when sufficient property of the other defendant was offered to be shown to him. Rev. Sts. *c.* 97, §§ 10, 12, 16, 17. By Trowbridge, J., in *Davis* v. *Richmond*, 14 Mass. 475. *Clarke* v. *Goodwin*, 14 Mass. 237. *Brinley* v. *Allen*, 3 Mass. 561. The bond was therefore given under duress of imprisonment, and so void. Chit. Con. (8th Amer. ed.) 206. *Fisher* v *Shattuck*, 17 Pick. 252.

*J. D. Colt*, for the plaintiff.

DEWEY, J. That our process of writ of execution being in the alternative, to take either goods and chattels, or lands, or the body of the debtor, either of the three modes may be selected by the creditor, or by the sheriff, with the privity or subsequent assent of the creditor, has been long sanctioned by practice, and good authority. *Lyman* v. *Lyman*, 11 Mass. 317. *Woodward* v. *Hopkins*, 2 Gray, 213. It seems also to be sanctioned by the express provisions of the Rev. Sts. *c.* 97, § 12. The body of the debtor, Cotton, was therefore properly arrested and committed to jail, and the bond given by the defendants was a legal bond. *Judgment for the plaintiff.**

---

* By *St.* 1855, *c.* 444, which took effect on the 4th of July 1855, imprisonment for debt is abolished, except in certain cases of fraud, therein specified.