## KEYSTONE BRIDGE COMPANY v. BRITTON.

*(Circuit Court, S. D. New York.   January 20, 1880.)*

CONTRACT—RECEIPT—EVIDENCE.—Where, upon sufficient consideration, a statement is written across the face of a note by the party signing such statement, to the effect that funds have been placed in his hands, as trustee, for the payment of such note at maturity, the party so signing becomes personally liable for the payment of the note, although evidence was admissible to prove that the payee of the note knew that such signer actually had no such funds in his possession at the time he signed the statement, nor had subseqently received sufficient to pay the note in full at its maturity.

*Man & Parsons*, for plaintiff.

*Tracy, Olmstead & Tracy*, for defendant.

WHEELER, J.   The orator built a bridge across the Mississippi river, at St. Louis, for the Illinois & St. Louis Bridge Company, in which the defendant was interested, and of which he was treasurer.   After the bridge was completed, but while it was still in the possession of the orator, the Illinois & St. Louis Bridge Company executed its promissory note for $51,510.95, payable in ten months after date, to its own order, at the Bank of Commerce, in New York.   Although the defendant at that time had not funds in his hands, as trustee or otherwise, for the payment of the note, which the orator knew, it was arranged between him and the Illinois & St. Louis Bridge Company that he should receive the tolls of the bridge for that purpose, which they thought would be sufficient to pay it, and a statement written across the face of the note in these words, "Funds for the payment of this note at maturity have been placed in my hands, as trustee," was signed by the defendant to induce the orator to accept the note and deliver up the bridge.   The note was indorsed by the Illinois & St. Louis Bridge Company, and delivered to the orator.   The note was equal in amount to the balance due the orator for building the bridge.   The orator took the note and delivered up the bridge, and the defendant received the tolls of the bridge.   All tolls received by the defendant have been applied to the payment of the note, but they were not

sufficient to pay it, and there is a large balance still due upon it.    This suit is brought to compel payment.

The defendant claims that, in view of the circumstances, the true meaning of the statement signed by the defendant is that some funds for the payment of the note had been placed in his hands, and that the extent of his obligation thereby assumed was that he should apply to its payment what funds he so had, and that, if the statement means more than that, the undertaking beyond that is without consideration.    The orator insists that the statement signifies that funds sufficient for the payment of the note are in his hands, and implies an undertaking that he will apply them to its payment; all amounting to an obligation to have funds and pay the note at maturity, which could be discharged only by payment of the note, and that evidence of a lack of funds placed in his hands is contrary to his agreement and not admissible.

The entire want of consideration for an agreement may always, between the original parties to it, be shown, for it would not add to or vary a contract, but show that there was none.    As this note was given upon a pre-existing debt of the Illinois & St. Louis Bridge Company, if by the law where made it would not discharge or affect the debt, proof of that fact might show a want of consideration as to the defendant, unless there was a new consideration.    The proof, however, shows the delivering up of the bridge on which the debt was due, and this was an ample consideration, in which the defendant participated.

There are many cases in which persons who are not parties to notes as written, but become so by putting their names upon them in blank, indicating authority to the holder to fill the blank, have been permitted to show the intention of the parties; and where persons who have become parties by signing an undertaking written out in full are permitted to show the circumstances under which it was done to place the transaction in its true light.    *Good* v. *Martin*, 95 U. S. 90.    This case is not one of the former class, for it is apparent that the defendant wrote what he intended to sign, and left no blank to be filled.    Under the rule as to the latter class the evidence

as to the circumstances is proper to be considered, to enable the court to see the transaction as the parties saw it. When this evidence is viewed the interpretation of the defendant's undertaking is not doubtful.

The orator would not rely upon the tolls, as they should come to the defendant's hands, for the payment of the note, and the defendant executed this instrument. Funds for the payment of the note must be taken as signifying funds for the payment of the whole note. The defendant agreed that he had the funds for that payment, which was an agreement in effect that he might be treated as if he had, whether he had or not. He became situated like a receiptor of property, as if it was attached when there was none, or a person who has acknowledged the receipt and holding of property for some purpose otherwise, when none has been received, each of whom is held bound by the terms of the receipt or acknowledgement. *Harmon* v. *Anderson*, 2 Camp. 243; *Stannard* v. *Dunkin*, Id. 344; *Lyman* v. *Lyman*, 11 Mass. 317; *Chapman* v. *Searle*, 3 Pick. 38. If he had funds in his hands for the payment of the note at maturity, a court of equity would charge him with the payment of the amount of the note. He agreed that he had such funds, the orator took the note on faith in that agreement, and he must stand now as if he had them charged with payment of the note. No account of the funds is necessary to be taken, for he is to be charged with the amount due on the note, which can apparently be ascertained by mere computation.

Decree for plaintiff.