## HEELY *vs.* BARNES.

Where a witness, after having given some testimony, discloses that he is interested in favor of the party who called him, the opposite party, in order to avail himself of the objection, must move to strike out the testimony so given.

If he omit to do this, in a suit before a justice of the peace, the justice cannot in giving judgment reject or disregard the evidence of the interested witness.

ERROR to Herkimer C. P. Heely sued Barnes before a justice, and declared upon a joint and several promissory note for $15,17, made by the defendant and Jonas Blackman, and payable to the plaintiff. The defence was usury. The defendant called Blackman as a witness : the plaintiff objected to him on the ground of interest ; but the objection was overruled. Blackman proved that the note was given upon a usurious loan of money. The witness further proved that he borrowed the money, and was the principal debtor ; and that the defendant signed the note as a surety for the witness. The cause was thereupon submitted to the justice, who gave judgment for the plaintiff for the amount of the note. On certiorari brought by the defendant, the C. P. reversed the judgment. The plaintiff brings error.

*William Barrett*, for plaintiff in error. As Blackman was the principal debtor he was bound to indemnify the defendant, who was a surety, against the costs, as well as the damages, which might be recovered ; and so the witness was interested. The interest was not balanced. (*Hubbly* v. *Brown*, 16 *John.* 70 ; *Starkweather* v. *Mathews*, 2 *Hill*, 131.) The justice must have rejected the evidence of Blackman on the ground of interest when he rendered the judgment; and as he was interested, the judgment should not have been reversed.

*E. W. Smith*, for defendant in error.

*By the Court*, BRONSON, Ch. J. When the witness was called, there was nothing to show that it was not a case of balanced in

terest; and consequently the objection which the plaintiff then made was properly overruled. But when it came out that the witness was the principal debtor, and the defendant only a surety, the interest was established; for the witness was bound to indemnify the defendant against costs, as well as damages. If the plaintiff had then moved to strike out the testimony of the witness on the ground of interest, it would have been the duty of the justice to strike it out. But no such motion was made; nor did the justice announce to the parties that he should reject or disregard the testimony of the witness. Indeed, it does not appear upon what ground the justice proceeded in rendering judgment for the plaintiff, when the usury was clearly proved. It is probable, however, that in his private deliberation upon the case, he rejected the testimony of the witness on the ground of interest. That was the only ground for rejecting it; and so long as it was in the case it was impossible to give judgment for the plaintiff.

If we strike out the testimony of Blackman, the judgment was right, and should not have been reversed. But as no motion to strike it out was made on the trial, I think the justice was not afterwards at liberty to disregard it. As the plaintiff made no objection on the ground of interest after the fact of interest appeared, he must be deemed to have waived all right to make the objection; and the justice was not at liberty to start the point for him, after the cause had been submitted for decision on the merits. It was a wrong to the defendant; for if the plaintiff had moved to strike out the testimony on the trial, the defendant might have released the witness, and then have re-examined him; or the defence might, for aught we know, have been made out by another witness. The error of the justice has been corrected by the common pleas.

Judgment affirmed