COMMONWEALTH *vs.* ISAAC J. CUTTER & another.

If the declaration in an action under the Gen. Sts. *c.* 124, § 46, on a recognizance under § 10, sets forth all the facts necessary to give jurisdiction to the magistrate by whom the recognizance was taken, it is sufficient without an express allegation that he had jurisdiction.

It is no objection to the form of a recognizance under the Gen. Sts. *c.* 124, § 10, that after the caption thereof, and before the acknowledgment by the recognizors of the sum in which they bind themselves and the condition of their obligation, the instrument recites the facts which authorize the magistrate to take it, and in the statement of the condition reference is made to this recital.

If a recognizance taken under the Gen. Sts. *c.* 124, § 10, is prefaced, after the caption thereof, by a recital of the facts that authorized the magistrate to take it, in which the day of the arrest of the defendant or debtor is specified, and it is set forth that he " says that he desires to take the oath for the relief of poor debtors, but does not desire any time fixed for his examination, and requests that his recognizance with surety may be accepted that within thirty days from the day of his arrest he will deliver himself up for examination before some magistrate authorized to act; " and if the condition of the recognizance is that the defendant or debtor " within thirty days from the time of his arrest, as above mentioned, will deliver himself up for examination before some magistrate authorized to act; " the instrument expresses sufficiently what examination is to be had and before what magistrate it is to take place.

CONTRACT, brought under the Gen. Sts. *c.* 124, § 46, on an alleged recognizance, taken under § 10, and annexed by copy to the declaration, as follows :

" Commonwealth of Massachusetts. County of Suffolk, to wit : On this twenty-eighth day of January, in the year of our Lord eighteen hundred and sixty-seven, Isaac J. Cutter of Boston, counsellor at law, is brought before me, Charles C. Nutter, a master in chancery for the county of Suffolk, at my office in the city of Boston, by B. F. Bayley, a deputy sheriff of said county of Suffolk, this day arrested by him, under and by virtue of a writ of execution bearing date the nineteenth day of December, A. D. 1866, issued in due form of law upon a judgment which the Commonwealth of Massachusetts by the consideration of the justices of the superior court, holden at Boston, within and for the county of Suffolk, on the first Tuesday of October, A. D. 1866, to wit, on the fifth day of December, A. D. 1866, recovered against the said Isaac J. Cutter the sum of three hundred and twenty dollars and eighty-eight cents damage, and sixty-five dol-

lars and fourteen cents costs of suit; annexed to which writ was an affidavit subscribed and sworn to by James C. Davis, in behalf of the said judgment creditor, with a certificate thereto, signed by James B. Thayer, master in chancery, a true copy of which affidavit and certificate by me attested is hereunto annexed; and the said judgment debtor, being interrogated by me, says that he desires to take the oath for the relief of poor debtors, but does not desire any time fixed for his examination, and requests that his recognizance, with surety, may be accepted, that within thirty days from the day of his arrest he will deliver himself up for examination before some magistrate authorized to act, etc., and offers for surety E. S. Cutter, having his usual place of business in Boston aforesaid, counsellor at law, and the said E. S. Cutter, being personally present, is examined by me on oath, and, being deemed by me sufficient, is accepted as surety, and thereupon they, the said judgment debtor, Isaac J Cutter as principal, and the said E. S. Cutter as surety, acknowledge themselves to be jointly and severally indebted to the aforementioned judgment creditor, in the sum of eight hundred dollars, to be levied on their goods or chattels, lands or tenements, and in want thereof upon their bodies, to the use of the said judgment creditor, if default be made in the performance of the condition hereunder written, to wit: That the said judgment debtor, within thirty days from the time of his arrest, as above mentioned, will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart, without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon; and if the said judgment debtor shall, in all respects, observe, perform, and keep the said condition, then this recognizance to be void, otherwise to be and abide in full force.    Chas. C. Nutter, master in chancery."

It being agreed in the superior court that the facts recited in this alleged recognizance were true, and also that Isaac J. Cutter

did not perform the condition set forth therein, the plaintiff asked judgment for the penalty.   But the defendants contended that the instrument was insufficient and void, and in form a mere record of certain proceedings had before the master and not a recognizance; and further that the plaintiff could not recover, because his declaration did not specially allege that the master was authorized to take the recognizance, although it set forth all the facts necessary to give the magistrate jurisdiction.

Judgment was entered for the defendants, and the plaintiff appealed.

*J. C. Davis,* ( *C. Allen,* Attorney General, with him,) for the Commonwealth.

*P. Ayer,* for the defendants, to the point that the declaration should expressly allege that the magistrate had authority to take the recognizance, cited *Tarbell* v. *Gray,* 4 Gray, 444, and argued that the instrument did not conform to the Gen. Sts. *c.* 124, § 10, either in substance or form, and was void for uncertainty in not setting forth explicitly in its condition what examination was to be had and before what magistrate.

CHAPMAN, J.   1. The declaration sets forth all the facts which are necessary to give the magistrate jurisdiction, and it is not necessary to add to them an averment that he had jurisdiction.

2. The paper declared on is in form a recognizance.   It states the sum in which the recognizors bound themselves, and the condition of the obligation; and this is prefaced by a statement of the facts which authorized the magistrate to take the recognizance.   It conforms to the provisions of the statute (Gen. Sts. *c.* 124, § 10,) and indicates sufficiently what examination is to be had, and before what magistrate it is to take place.   The defendants' counsel does not point out any material variance from the words of the statute.

*Judgment for the plaintiff.*