J. SIMPSON *vs.* WILLIAM F. TRIVETT & another.

Middlesex.   Jan. 13. — March 4, 1876.   COLT & ENDICOTT, JJ., absent.

A poor debtor, who has entered into a recognizance under the Gen. Sts. *c.* 124, § 10, to deliver himself up for examination, commits a breach thereof, if at the time and place appointed he appears, and objects to the commencement of the examination, until the execution upon which he was arrested is produced; and the refusal of the magistrate to order the examination to proceed is immaterial.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by the defendant William F. Trivett, as principal, and the defendant Alfred Cutler, as surety, and conditioned that Trivett, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the day of his arrest deliver himself up for examination before some magistrate authorized to act and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination and abide the final order of the magistrate thereon. The declaration alleged as a breach that Trivett had not delivered himself up within the thirty days. Answer, a general denial.

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff offered evidence tending to show that on or about November 18, 1873, he, the plaintiff, obtained an execution against the defendant for the sum of $564.25 debt, and $14.53 costs of suit; that an affidavit for arresting the defendant Trivett was duly made thereon, and Trivett taken into custody; and after the arrest the defendant Trivett, as principal, and the defendant Cutler, as surety, entered into the recognizance declared on.

The plaintiff also offered evidence tending to show that on or about December 18, 1873, the defendant Trivett procured from Coleman S. Adams, a trial justice for the county of Middlesex, a notice in due form and caused the same to be duly served upon the plaintiff's counsel, and returned to the magistrate who issued the same, at the time and place therein stated, and that, at the time and place appointed in said notice, all the parties were there, the defendant Trivett with counsel, and the cred-

itor appeared by counsel, and the magistrate was present, and there was evidence that it was agreed by the counsel of the several parties, in the presence of the magistrate, that the interrogatories and answers should be in writing; that, after an interrogatory had been written by the creditor's counsel, and he had asked to have the debtor sworn, the debtor's counsel called to see the execution for the purpose of ascertaining if his client, the debtor, had been properly arrested, but the execution with the affidavit was not there; and the counsel for the debtor objected to going on with the examination until the execution was produced. There was some evidence from one or more of the plaintiff's witnesses that the magistrate demanded the execution, but the same not being produced, and the defendant Trivett by his counsel objecting, the magistrate stated that he would not pass a peremptory order to proceed or do anything in the premises; that the defendant Trivett by his counsel continued to object to the debtor being sworn unless the execution was produced, that the several parties and magistrate remained at the place fixed by the notice until the hour had expired; the debtor continuing his objections, and the magistrate saying several times during the hour, that it was rather a loose way of proceeding without the execution, that he had nothing on which to base his action except the notice and service thereon, and saying to the parties he should pass no peremptory order in the matter. After the full expiration of the hour, the magistrate having passed no order, the several parties went away.

The defendants offered evidence tending to show that the defendant Trivett was at the place fixed for the examination shortly after the beginning of the hour, and, immediately thereafter, the counsel for the plaintiff and defendants came in, and it was then agreed by counsel for the parties, in the presence and hearing of the magistrate, that the examination should be in writing, that the plaintiff's counsel should write the interrogatories, and the defendant's counsel should write the answers, and that then the plaintiff's counsel asked the debtor if he was ready to be sworn, to which he replied that he was; the magistrate then called for the execution in the case and the plaintiff's senior counsel replied, that the execution was not there, and if there was any fault in the execution not being there it was on

the part of the junior counsel for the plaintiff. The magistrate then said he did not feel justified in going on without the execution, for if it proved on examination that the debtor had property, he could not hold him without laying himself personally liable; that the defendant's counsel, desiring to see the execution, proposed to continue the hearing one week to enable him to do so; and the magistrate said he should decline to take any jurisdiction whatever.

There was also evidence tending to show that at or about fifteen minutes before four o'clock, P. M. the defendant's counsel said in the presence of the plaintiff's counsel and in the hearing and presence of the magistrate, " that he was there with his client, to obey any order the magistrate shall make in the premises; " that the magistrate answered that " he did not see that he had anything to do about it; " and that no request was made by the counsel for the creditor, of the magistrate, to have the debtor sworn.

Upon this evidence the defendants asked the judge to instruct the jury as follows:

" 1. That a debtor, after due notice and service of the same returnable before a proper magistrate, and procuring the attendance of such magistrate, and attending himself at the time and place fixed by the notice, thereby submits himself to examination.

" 2. That if the jury shall find that the debtor in this case procured a notice in due form of his intention to take the oath for the relief of poor debtors, therein fixing a time and place for examination, and had the same duly served, and also procured the attendance of a proper magistrate, and attended himself before such magistrate, at the time and place fixed for such examination: and that the magistrate erroneously refused or neglected, for any reason, to proceed with such examination, and informed the debtor that he should not proceed, and the debtor remained at the place, and more than an hour after the time fixed by said notice, and did not depart contrary to the order of said magistrate, the magistrate refusing to make any order in the premises, then the debtor might depart and the same would not be a breach of the recognizance.

" 3. That a magistrate, exercising the office of examining a poor debtor under the statute, is exercising a judicial office, and is to determine all questions of law and fact heard and raised before him at such examination.

" 4. That at the examination of a poor debtor either party to the examination, or proceedings, has a right to raise objections as to the law and fact involved in the case for the determination of the magistrate, and such objections would not amount to a refusal to proceed with and complete an examination. And an erroneous ruling or a refusal to rule or make an order on such objection would not in its consequent results work a breach of the recognizance.

" 5. That if the jury shall find that the debtor went to the place fixed for his examination after the time and within the hour and was ready for examination, and the magistrate was there ready to examine the debtor, and that the creditor was there by himself or his attorney, and it was agreed by and between the counsel of the several parties, with the knowledge and consent of the magistrate, that the interrogatories should be in writing and the answers also, then and thereby the magistrate did acquire and take jurisdiction in the case. And that after the magistrate had acquired jurisdiction of the case the debtor was not longer responsible for the doings or errors of the magistrate, and all that the debtor was required to do was to obey and comply with the orders and requirements of the magistrate ; and that if the magistrate made no order and did not examine the debtor, then he might depart after the expiration of the hour, and such departure would not be a breach of the recognizance.

" 6. That if the jury shall find that the notice was in due form, and was duly served and returned to the magistrate, who issued it, and the debtor appeared before said magistrate at the time and place fixed for his examination the magistrate should have examined him, and if for any cause (except for the refusal of the debtor to obey some order or requirement of the magistrate) the magistrate did not examine the debtor, or continue the examination, and the debtor remained at said place during the whole of the hour, and the magistrate made no order and did not examine the debtor, or continue or otherwise dispose of the

case, that then the debtor might depart and such departure would not be a breach of the recognizance.

" 7. That upon the undisputed facts of this case the plaintiff cannot recover."

The judge declined to give these instructions, but among other things not objected to, instructed the jury as follows : " The uncontested facts are, that the defendant Trivett gave legal notice of the time and place of the hearing, and appeared at the said time and place, before Coleman S. Adams, Esquire, a magistrate authorized to act, and that the creditor's attorney was present, but the facts which took place, are in dispute, and must be ascertained by the jury. If the jury find that the debtor, delivered himself up for examination, at the time and place, and was not examined, on account of the neglect or refusal of the magistrate to proceed with the examination, then the debtor has committed no breach of the recognizance, and is entitled to a verdict. But if the jury find that the debtor did not deliver himself up for examination, then and there giving the magistrate to understand unequivocally that he was ready to be examined under oath, it is competent for the jury to find a breach of the recognizance, and a verdict for the plaintiff. If the creditor by his attorney requested the magistrate to proceed with the hearing, and offered a heading and interrogatory ; and the debtor by his attorney objected that the execution was not present, and insisted upon his objection continually, without offering to submit to an examination during the hour, the jury are authorized to find that the debtor did not deliver himself up for examination, in the meaning of the recognizance. If the magistrate, after objection by the debtor by his attorney to proceeding, did not refuse to proceed in the examination, and merely said that he would pass no peremptory order upon the parties to proceed ; and the debtor, by his attorney, did not offer in any way to be examined, the jury are authorized to find that the debtor did not deliver himself up for examination in the meaning of the recognizance."

The jury found for the plaintiff ; and the defendants alleged exceptions.

*L. H. Wakefield*, for the defendants. The debtor had delivered himself up when the magistrate had acquired jurisdiction

over him, and it was the duty of the magistrate to have examined him. The magistrate then was, under the statute, to proceed to examine the debtor, and, as a court in civil action, to determine all questions of law and fact, raised before him. A debtor may raise a preliminary objection, which goes to the right to examine him, and may decline to be sworn upon that ground, for he has a right to have that question decided, and his declining to be sworn after raising the objection, is not a refusal to deliver himself up for examination. *In re Dole*, 11 Blatchf. C. C. 499.

The magistrate should declare his opinion when an objection is made and should order the party to answer the question if he so decides. *In re Reakirt*, 7 Bank. Reg. 329. The examination of a bankrupt under the United States Bankrupt Act, and the examination of a poor debtor under our law are the same in effect and purpose. U. S. Rev. Sts. § 5086. Mass. Gen. Sts. c. 124, §§ 15–17, 21. Upon the evidence in this case, the court erred in not instructing the jury as to what would be a "delivering up for examination." The learned judge only stated the negative, and the instructions did not cover the point raised by the defendants in their several prayers for instructions, in this, that the defendants contended that the defendant Trivett delivered himself up for examination when the magistrate acquired jurisdiction. Upon this point there were no instructions by the court.

*T. H. Sweetser*, (*G. C. Travis* with him,) for the plaintiff.

DEVENS, J. By the conditions of his recognizance the debtor was bound to deliver himself up for examination within the time therein specified. According to the facts as, under the instructions of the court, they must have been found by the jury, he has not done this, unless his appearance before the magistrate without offering to submit to an examination but objecting thereto constitutes such a delivery. An appearance before a magistrate for the purpose of objecting to an examination is not, however, a delivery of himself up for an examination. Nor is it an answer that the magistrate made no peremptory order that the debtor should be sworn, submit to the examination and reply to the interrogatories. There was no unwillingness nor refusal by the magistrate to go on, in which case it might have been contended that the proceeding had failed by reason of his

fault. But when it was for the debtor to submit himself to examination, if he would perform the condition of his recognizance, there was no duty incumbent on the magistrate to order him so to do. He was not examined, simply because he declined to be examined.

The fact that the execution was not before the magistrate at the time the interrogatories were proposed was unimportant. In case the creditor desired to arrest the debtor, if the oath should be refused him, it was only necessary that he should have the execution there in time for the magistrate to indorse his certificate of refusal thereon. Gen. Sts. *c.* 124, § 26. *Fuller* v. *Meehan*, 118 Mass. 135.

The cases cited by the defendants, which hold that under the United States Bankrupt Act, (U. S. St. of 1867, *c.* 176,) a bankrupt, by declining to submit to an examination, previously to a decision upon the question whether he is legally bound so to do, is not in contempt, do not affect the present question. The examination which the debtor was to undergo was a voluntary one, after a notice issued at his own request and served upon the plaintiff. He could not interpose objections and yet claim that he had submitted to it.          *Exceptions overruled.*