LYCURGUS V. B. COOK *vs.* JOHN A. THAYER & another.

Hampshire.    Sept. 21, 1876. — Jan. 6, 1877.    COLT & MORTON, JJ., absent.

A recognizance entered into under the Gen. Sts. *c.* 124, § 17, is not invalid for naming the particular magistrate before whom the debtor is to deliver himself up for examination.

A poor debtor duly presented himself for examination at the time and place appointed under a recognizance entered into in accordance with the Gen. Sts. *c.* 124, § 17. Before the expiration of the hour the creditor came to examine him, and the question arising whether it was not too late, the oath having been administered, the debtor, at the suggestion of the magistrate, left the place to see his counsel. *Held,* that, if the debtor returned with reasonable dispatch for the purpose of being examined, even though the hour had expired, he did not depart without leave, and there was no breach of the recognizance.

CONTRACT on a recognizance entered into under the Gen. St *s. c.* 124, § 17, by the defendant John A. Thayer, as principal, and the defendant John Thayer, as surety, and conditioned that John A. Thayer, who had been arrested on an execution in favor of the plaintiff, should appear on December 11, 1875, at ten o'clock, A. M., at the office of A. Perry Peck, a trial justice for the county, in Northampton, being the time and place fixed by the magistrate taking the recognizance, at the debtor's request, for his examination as poor debtor, and from time to time until the examination was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

Trial in the Superior Court, before *Allen,* J., who reported the case for the determination of this court in substance as follows :

When the recognizance was offered in evidence the defendants objected that it did not conform to the statute, and was invalid and incompetent. It was agreed that the notice of intention to take the poor debtor's oath was issued at the time when the re-

cognizance was taken.  The recognizance was admitted, and the defendants excepted.

There was evidence that the poor debtor's oath was administered to the debtor at about twenty minutes before eleven o'clock, A. M., at the place and on the day, and by the magistrate, named in the notice.  The creditor had not appeared, but came in before eleven o'clock, and before the debtor left, for the purpose of examining the debtor.  A question was made whether it was not too late, (the oath having been administered,) and whether the creditor had any right to examine the debtor, and the debtor, "at the suggestion of the magistrate," left the office to see his counsel.  The creditor remained about fifteen minutes longer, until about eleven o'clock, and, soon after he left, the debtor returned.  Whether the debtor returned before or after eleven o'clock, and whether he returned for the purpose of submitting to examination, were controverted matters, on which there was conflicting evidence.  It was also a controverted matter whether, when the creditor appeared, the debtor refused to submit to examination, and left the magistrate's office with that purpose, or whether he left to secure the aid of his counsel.

The defendants asked the judge to instruct the jury, that, if the debtor left the office to consult his counsel as to whether he should submit to examination, intending to return for examination if so advised, and did return for that purpose without unnecessary delay, there would be no breach of the recognizance even if he did not reach the magistrate's office until after eleven o'clock.  The judge declined so to rule, and submitted to the jury this question : "Was the debtor present for examination before the magistrate, after the creditor appeared, and within the hour ? "  And the jury were instructed that, "If, when the creditor appeared, the debtor did not refuse to submit to examination, but left the office to call his counsel, intending to return and be examined, and did return for that purpose, the question should be answered in the affirmative, whether he returned before or after eleven o'clock ; but if the debtor refused to be then examined, and left to consult his counsel, intending to return for examination, if so advised, and not to submit to examination unless he should be so advised, and did not return until after eleven o'clock, the question should be answered in the negative."

The jury answered the question in the negative; and the judge ordered a verdict for the plaintiff.

*H. H. Bond*, for the defendants.

*J. C. Hammond*, for the plaintiff.

AMES, J. The objection taken to the form of the recognizance is untenable. The condition prescribed by the statute is merely that the debtor will appear before " some magistrate authorized " to act in the premises; and it is undoubtedly intended to give him the right of selecting for himself any magistrate possessing the requisite jurisdiction. It has been decided that the omission to name the magistrate is not sufficient to render the recognizance of no validity. *Adams* v. *Stone*, 13 Gray, 396. *Thacher* v. *Williams*, 14 Gray, 324. It does not appear that he was compelled to accept any particular magistrate by name as the one before whom he would appear for examination, but, on the contrary, that he made his own selection. Having seen fit to do so in advance, he has no right to object to the recognizance on that ground. It is in substantial conformity to the statute.

By the terms of the condition the debtor was bound to be present before the magistrate within the appointed hour, and to submit to examination. The creditor was in attendance at the proper time for the purpose of making that examination. Upon the facts reported, it must be inferred that the debtor did not immediately submit to be examined, but took the objection that the creditor was too late, the oath having been already administered.

If he left the magistrate's office without leave, refusing to be examined then, or to be examined at all, unless so advised by his counsel, he cannot be said to have submitted to examination, unless before the expiration of the hour, and in the presence of the magistrate, he waived his objection. The submission on his part should be absolute and unconditional. The creditor is not bound to wait beyond the appointed hour for the debtor to make up his mind whether he will submit to examination or not.

On the other hand if, with the leave of the magistrate, he left the office merely to obtain the advice and assistance of his counsel, intending to return if so advised, and actually returning with all reasonable dispatch for the purpose of the examination, it would be a substantial fulfilment of the condition of the recog-

nizance, even though the hour had elapsed before his return. In other words, the permission of the magistrate would have the effect to extend the hour until the expiration of a reasonable time, for the purpose of allowing to the debtor an opportunity to see his counsel. The right of the magistrate to adjourn the hearing from day to day for reasonable cause is unquestionable, and a postponement for a shorter time, for reasons of convenience that appear to him to be sufficient, is in the nature of an adjournment and equally within his discretion. Under such circumstances the debtor cannot be said to have departed without leave. *Mann* v. *Mirick*, 11 Allen, 29. *Toll* v. *Merriam*, 11 Allen, 395. *Sweetser* v. *Eaton*, 14 Allen, 157.

The instruction finally given overlooked this distinction, and was therefore erroneous. It appears from the report that the debtor left the office " at the suggestion of the magistrate," — a form of expression which of course includes permission. It does not appear what advice he received from his counsel, or whether he saw his counsel at all; but it does appear that he soon returned, and the jury might possibly have found that he returned for the purpose of submitting to examination. But they were instructed that if he did not return till after eleven o'clock he was too late. Upon the view that we have taken he was not too late, unless he exceeded the extension of time impliedly allowed him by the magistrate ; and if, upon returning within that time, he was ready and offered to undergo the examination, there was no breach of the recognizance.                        *New trial ordered.*