LYCURGUS V. B. COOK *vs.* JOHN A. THAYER & another.

Hampshire. Sept. 17. — Nov. 27, 1877. ENDICOTT & LORD, JJ., absent.

A poor debtor duly presented himself for examination at the time and place appointed by a recognizance entered into under the Gen. Sts. c. 124, § 17. Before the expiration of the hour the creditor came to examine him, and the question arising whether it was not too late, the oath having been administered, the debtor, at the suggestion of the magistrate, left the place to see his counsel, and shortly returned. *Held,* that the debtor must make known to the magistrate that he had returned for examination, unless the creditor knew it or waived the right; and, that, the debtor having been permitted to show that he returned in consequence of his counsel's advice, evidence of what the advice was was inadmissible.

CONTRACT on a recognizance entered into under the Gen. Sts. c. 124, § 17, by the first named defendant, as principal, and the other, as surety, and conditioned that John A. Thayer, who had been arrested on an execution in favor of the plaintiff, should appear on December 11, 1875, at ten o'clock, A. M., at the office of A. Perry Peck, a trial justice for said county, in Northampton, being the time and place fixed by the magistrate taking the recognizance, at the debtor's request, for his examination as poor debtor, and from time to time until the examination was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

After the former decision, reported 121 Mass. 415, the case was tried in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the debtor was at the office of the magistrate named in the notice, at the time specified, and remained there till about twenty minutes to eleven o'clock, A. M., when it was suggested that the creditor did not intend to appear, and the poor debtor's oath was administered; that the creditor had not appeared, but came in before eleven o'clock, and before the debtor left, for the purpose of examining the debtor. It was undisputed, that, as the plaintiff's counsel and the plaintiff were going to the magistrate's office, the defendant's counsel met them and said they were too late, that the oath had been administered, to which the plaintiff's counsel replied he thought not, that he was entitled to a full hour; that the plaintiff's counsel, upon reaching the magistrate's office, where the debtor was present, stated that he desired to examine the debtor, and was told by the magistrate that the oath had been administered; that a question was made whether it was not too late, the oath having been administered, and whether the creditor had any right to examine the debtor; and that the debtor, at the suggestion of the magistrate, left the office to see his counsel, the creditor and his counsel remaining at the office of the magistrate about fifteen minutes longer, and until about eleven o'clock. There was also evidence tending to show that the debtor, on the suggestion of the magistrate, went at once to the office of his counsel, and immediately returned to the office

of the magistrate, and arrived there about eleven o'clock, — the evidence as to whether before or after eleven o'clock being conflicting, — and there remained about half an hour longer, for the purpose of fulfilling his recognizance and being examined; that the debtor, as he was returning to the magistrate's office, met the creditor and his counsel leaving the magistrate's office, on or near the stairway; that the plaintiff's counsel, after leaving the magistrate's office, went immediately to the office of the counsel of the debtor, and, while the debtor was at the magistrate's office, it was the subject of talk between the counsel of the plaintiff and the debtor's counsel, at the office of the latter, whether the debtor arrived at the magistrate's office, upon his return, before or after eleven o'clock, — the debtor's counsel claiming that he arrived before, and the creditor's counsel claiming that he did not, and that at the expiration of the hour he had the debtor defaulted, before he came back; that there had been a breach of the recognizance, and that he should bring an action on it, unless a secured note was given or the creditor's claim paid. This was contradicted by the plaintiff.

The defendants offered the testimony of the debtor and of one of his counsel, who was acting for him at that time, to show what advice the debtor received from his counsel at his office, and that it was to return immediately to the magistrate's office and be ready to be examined; and that, in pursuance of that advice, the debtor returned to the magistrate's office. The judge excluded the evidence, but permitted the defendants to prove that the debtor returned to the magistrate's office in consequence of the advice given.

The evidence was conflicting on the point whether the debtor, after his return, informed the magistrate, in any manner, that he was ready to be examined. There was also evidence tending to show that the creditor's counsel, before leaving the magistrate's office, asked the magistrate to inform him if the debtor desired an examination, which request, if made, was not communicated to the debtor or his counsel. The plaintiff contended that there was a breach of the recognizance, unless the debtor, upon his return to the magistrate's office from the office of his counsel, was ready and offered to be examined. Neither the plaintiff nor his counsel returned to the magistrate's office after leaving it

as above stated, nor was either present after the debtor's return, nor did the plaintiff's counsel, when in the office of the debtor's counsel, express any wish to examine the debtor.

The judge instructed the jury that the debtor must, by word or act, have made known to the magistrate that he had returned for the purpose of being examined, or that there would be a breach, unless the plaintiff or his counsel knew the debtor had returned for the purpose of examination, and waived the examination.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*W. G. Bassett*, for the defendants. 1. The ruling given was erroneous, as it practically compelled the debtor to prove that he made a formal announcement to the magistrate that he had returned for examination. His presence before the magistrate, within the time allowed, ready and willing to be examined, was sufficient, and the issue should have been so limited. *Cook* v. *Thayer*, 121 Mass. 415. The creditor having failed to attend, no further duty was imposed on the debtor than that which he performed. Gen. Sts. *c.* 124, § 48. *Phelps* v. *Davis*, 6 Allen, 287. *Russell* v. *Goodrich*, 8 Allen, 150. *Goodall* v. *Myrick*, 111 Mass. 484.

2. The advice received by the debtor from his counsel should have been admitted as part of the *res gestæ*. It was the statement of an agent of the debtor, relative to the performance of the contract in question, and contemporaneous with the other proceedings, and characterized the immediate conduct of the debtor. *Lund* v. *Tyngsborough*, 9 Cush. 36, 43. 1 Greenl. Ev. § 118.

*G. M. Stearns*, for the plaintiff.

AMES, J. It appears that while the debtor and creditor were in the presence of the magistrate, and before the expiration of the appointed hour, a question arose whether the debtor, having already taken the oath before the creditor appeared, was thereafter bound to submit to examination. Instead of submitting to be examined, the debtor obtained leave from the magistrate to see his counsel, for the purpose of being instructed as to his rights and duties in the matter. We have decided that the effect of this permission was to extend the hour for a reasonable length

of time, for that purpose, and that if the debtor returned, for the purpose of submitting to the examination, within such reasonable time, even though the original hour had expired, it would not of itself be a breach of the recognizance.  *Cook* v. *Thayer*, 121 Mass. 415.

But it is to be remembered that submission to examination, if the creditor wishes to examine, is indispensable to the debtor's discharge.  *Millett* v. *Lemon*, 113 Mass. 355.  *Simpson* v. *Trivett*, 120 Mass. 147.  He had left the magistrate's office, refusing to be examined, or at least leaving it wholly uncertain whether he would be examined or not.  His return to the office was not necessarily a submission to examination.  We cannot know that he did not return, with the intention of relying upon the oath which he had already taken, in case the creditor should be absent.  The failure of the creditor to be in attendance was not conclusive proof of an abandonment of his right to examine, inasmuch as there was evidence tending to show that he had made arrangements to be informed if the debtor should conclude to undergo examination, and there was no evidence that he had been so informed.  Under such circumstances, the case is distinguishable from *Phelps* v. *Davis*, 6 Allen, 287; and it was clearly the duty of the debtor to make his conclusion known.  Until he did so, all that the magistrate could know was that the debtor had once refused, and had not made known a change of mind.  Under the instructions given, the jury must have found that the debtor did not make known to the magistrate, by word or act, that he had returned for the purpose of being examined, and that neither the plaintiff nor his counsel knew that he had so returned, or waived the examination.  There was nothing in this instruction open to exception.  On the contrary, it was carefully guarded, and fully covered the rights of the defendants.  Nor do we find any error in the ruling excluding evidence of the advice given to the debtor by his counsel.  It was enough that he was permitted to show that it was in consequence of that advice that he returned.                *Exceptions overruled.*