## COMMONWEALTH *vs.* ISAAC E. WOTTON.

Middlesex.    January 18, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Public Officer. Municipal Corporations,* Officers and agents. *Lowell. Bribery.
Practice, Criminal,* Question for jury, Exceptions, Ordering verdict. *Evidence,*
Uncontradicted not conclusive.

Where, by the statutes of the Commonwealth and the ordinances of a certain
city, it is provided that the water board of the city shall consist of five mem-
bers to be elected by the city council, and but four members are elected, such
four members, upon qualifying according to law, become members of a legal
water board.

St. 1897, c. 95, which in § 1 provides that the city council of Lowell shall exercise
all the power and authority relative to the election or appointment of city offi-
cers which were vested in them previous to the enactment of St. 1896, c. 415,
but were taken from them by that act, and which in § 4 repealed all acts and
parts of acts inconsistent with it, did not repeal St. 1896, c. 415, § 7, which pre-
vented any member of the city council from taking part directly or indirectly
in the employment of labor for the city, and did not thus restore to force an
ordinance, which had provided that one of the five members of the water board
of the city should be a member of the board of aldermen and which had been
annulled by St. 1896, c. 415, § 7.

One who is *de facto* a public officer, although not such *de jure,* is nevertheless sub-
ject to the penalties imposed by R. L. c. 210, § 7, relating to the soliciting and
accepting of bribes by public officers.

Evidence that a person is performing the duties of a public officer is evidence that
such person is the occupant of that office *de jure.*

*It seems,* that it is not erroneous for the judge presiding at the trial of a criminal
case, in which one question at issue is whether or not at the time of the com-
mission of the alleged crime the defendant was a municipal officer, and the
determination of that question depends in part upon whether or not the jury
will believe the testimony of certain witnesses, to leave the determination of
the question to the jury in the absence of a waiver by the defendant of his
right to a jury trial.

It is not open to a defendant in a criminal case, at the argument before this court
of exceptions taken by him at the trial in the Superior Court, to urge as erro-
neous the leaving to the jury of the determination of a certain question, where
it does not appear from the bill of exceptions that he made any objection or
asked for any exception to such action by the trial judge.

INDICTMENT, returned and filed February 4, 1908, charging
the defendant with a violation of R. L. c. 210, § 7, in that, while
he was a member of the water board of Lowell, he requested
from one Lynch a gift or gratuity " with an understanding," or

" as a consideration " that he, the defendant, should vote for the employment of Lynch by the board.

The defendant was tried before *Bell*, J. At the close of the evidence, the defendant made the following requests for rulings :

" 1. On all the evidence there should be a verdict of 'not guilty.'

" 2. The evidence is not sufficient to justify conviction.

" 3. There is no sufficient evidence of the existence at the time in question of the Lowell water board in the sense called for by the statute and the indictment.

" 4. No evidence that defendant at time involved was either chairman or president of the alleged Lowell water board.

" 5. There is no sufficient evidence that the defendant was ever elected a member of the so-called water board in the sense called for under the law and under the indictment."

The presiding judge refused the requests, the jury found the defendant guilty ; and the defendant alleged exceptions.

The facts are stated in the opinion.

*G. R. Swasey*, (*W. P. Thompson* with him,) for the defendant.

*J. J. Higgins*, District Attorney, for the Commonwealth.

LORING, J. The prisoner in the case at bar was indicted under R. L. c. 210, § 7, for corruptly requesting a gift while a municipal officer, to wit, a member and chairman of the Lowell water board, " with an understanding," as it is alleged in the first count, or " as a consideration," as it is alleged in the second count, that he should vote for the employment of Lynch in the water department of that city. The prisoner rested on the government's evidence and the jury found him guilty. The case is here on exceptions to the refusal of the presiding judge to give certain rulings asked for, and to one portion of his charge to the jury.

1. The first contention of the prisoner is in effect that there was no legal water board and therefore that the defendant could not be found to be a municipal officer at the time in question.

The facts on which this contention is based are as follows:

The city of Lowell was authorized to construct and maintain a water supply by St. 1855, c. 435. It was provided by § 5 of that act that the powers thereby given to the city should be exercised " by such commissioners, officers, agents and servants,

as the city council shall from time to time ordain, appoint, and direct." The same provision was re-enacted by St. 1869, c. 351, § 5, providing for an extension of the water supply. The new charter granted to the city in 1875, (St. 1875, c. 173, § 7,) provided that the city council should provide by ordinance for the election of all officers not therein otherwise provided for.

By an ordinance duly passed by the city council on January 4, 1889, being c. 45, § 1 of the ordinances of the city published in 1894 by order of the city council, it was provided that on and after 1890 the water board should consist of five members, four of whom should be citizens of Lowell not holding any other municipal office, and that the fifth should be a member of the board of aldermen. This ordinance had not been modified by the city council when the matters here complained of took place.

By St. 1896, c. 415, § 7, it was provided that "neither the city council nor either branch thereof, nor any committee or member thereof, shall directly or indirectly take part in the employment of labor, the purchase of material, the construction, alteration or repair of any public works or other property."

The effect of this statute was to repeal so much of the ordinance as provided for the election of a fifth member who should be a member of the board of aldermen, leaving the board a board of four members not holding a municipal office.

The prisoner's contention is that the provisions of St. 1896, c. 415, § 7, quoted above, were repealed by St. 1897, c. 95, and that thereby the original terms of the ordinance became operative.

But if that were so the result here contended for would not follow. If the board in law ought to have been a board of five but the board in fact elected in the manner provided for by law was a board of four, the four would be members of a legal water board. The case relied on by the prisoner, *Norton* v. *Shelby County*, 118 U. S. 425, is just what this case is not. There it was held that a man elected to the office of county commissioner created by a law forbidden by the Constitution was not an officer *de jure* or *de facto*, because the law creating the office was invalid.

There is in addition another answer to this contention, namely:

St. 1897, c. 95, § 1, did not repeal St. 1896, c. 415, § 7. The purpose and effect of St. 1897, c. 95, § 1, was to take away from the mayor and restore to the city council the appointment of the heads of departments. That did not repeal St. 1896, c. 415, § 7, which disqualified members of the city council from taking part in the employment of labor or in the care, custody or man-. agement of any public works.

It follows that the third ruling asked for was rightly refused.

2. The second contention of the prisoner is that R. L. c. 210, § 7, does not apply to a *de facto* officer and the presiding judge ruled that it did.

· We are of opinion that R. L. c. 210, § 7, does apply to an officer *de facto*, and that the presiding judge was right.

The difference and the only difference between an officer *de jure* and an officer *de facto* is that an officer *de jure* cannot be removed from his office in a proceeding instituted directly for that purpose and an officer *de facto* can be removed in such a proceeding. Until a *de facto* officer is removed in such a proceeding his acts are as valid as the acts of a *de jure* officer. *Sheehan's case*, 122 Mass. 445. *Coolidge* v. *Brigham*, 1 Allen, 333. (It is worth noting that the *de facto* officer, whose acts were held to be valid in *Sheehan's case*, was afterwards removed on an information filed for the purpose. *Commonwealth* v. *Hawkes*, 123 Mass. 525.) No reason can be urged for punishing the acceptance of a bribe by an officer *de jure* which does not apply with equal force when a bribe is accepted by an officer *de facto*. The principal argument put forward by the learned counsel for the prisoner in this connection is that when it is provided that an officer convicted under R. L. c. 210, § 7, shall be forever disqualified to hold any public office, trust or appointment, a *de jure* office, trust or appointment must have been intended. If it were so the result would not follow. But in our opinion that is not so. On the contrary, if an information were brought to remove a defendant from office in fact held by him on the ground that he had been convicted (under R. L. c. 210, § 7) of taking a bribe, in our opinion it would not be a defence that he was only *de facto* in the exercise of the office from which the Attorney General sought to have him removed on the ground that he had been convicted of taking a bribe under that act.

The exception taken to the portion of the charge excepted to must be overruled.

3. We have considered the question whether a *de facto* officer can be found guilty of taking a bribe under R. L. c. 210, § 7, because the presiding judge instructed the jury that he could. But in our opinion there was no evidence that the prisoner was a *de facto* member of the water board, and the presiding judge should not have given any instruction on the point. It was assumed at the trial that testimony that a person is performing the duties of a public officer is evidence that he is a *de facto* occupant of that office. That is a mistake. Evidence that a person is performing the duties of a public officer is evidence that that person is the occupant of that office *de jure*. *Barry* v. *Smith*, 191 Mass. 78, 86, and cases there cited. See in addition *Damon* v. *Carrol*, 163 Mass. 404; *M'Gahey* v. *Alston*, 2 M. & W. 206; *Marshall* v. *Lamb*, 5 Q. B. 115, 122, 123; *Doe* v. *Young*, 8 Q. B. 63; Taylor on Evidence, § 171. What was said in *Day* v. *Dolan*, 174 Mass. 524, cannot be taken to mean more than that such evidence is evidence of his being an officer *de facto* at least. To make out that such a person is the occupant of the office *de facto*, it must appear that he was ineligible or that there was a defect in his election, or some other fact must be proved which shows that he was not legally elected. See Barker, J., in *Damon* v. *Carrol*, 163 Mass. 404, 409. The refusal to give the fifth ruling asked for is upheld on this ground.

4. The last contention of the prisoner is that the question whether he was a *de jure* member of the water board was a question for the court. If the prisoner did not wish to go to the jury on the fact of the city council's having elected him by vote (as the evidence of the government tended to show), that question was a question for the court. But the prisoner had a right to ask the jury not to believe this evidence. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314. If he elected to go to the jury on that ground, the question was a question for the jury under proper instructions from the court. There is nothing to indicate that the prisoner waived his right to go to the jury on this issue. On the contrary, it would seem from the charge that the prisoner went to the jury on every fact involved in his election as a member of the water board.

It is not necessary however to dwell on this objection at length. It was not raised at the trial and is not open here. The prisoner did not ask for a ruling that this was a question for the court. And the only exception to the charge which the learned counsel for the prisoner asked the presiding judge to note was " to that portion of your charge which has to do with the holding of office *de facto.*"

It is perhaps not improper to add, since this is a criminal case, that the jury decided the question rightly and the defendant cannot complain.

*Exceptions overruled.*