*Northern District*

No. 5167

## WILLIAM HOGGAN
### and
## BARBARA HOGGAN
### v.
## WILLIAM H. SMITH

(January 23, 1958)

*Present:* ENO, J. (PRESIDING) BROOKS, JJ, NORTH-RUP, J.

Case tried to *Gadsby, J.,* in the District Court of Somerville, No. 74,261.

*Brooks, J.* These are actions of tort by William Hoggan, owner of a Buick automobile, for *property damage and consequential damages* and by his daughter, Barbara Hoggan, operator of the car, for *personal injuries.* Defendant's answer is general denial, contributory negligence and other defences not material here.

It was undisputed that Barbara Hoggan was operating her father's car solely on her own business. In other words there was a bailment. Barbara Hoggan testified in part as follows. While she was proceeding on her right side of the road at 30 miles an hour on

Route 20, a three lane highway in Waltham, she observed defendant 75 feet away approaching in the opposite direction at a speed of 35 to 40 miles an hour and on his side of the highway. She was then three feet from her right side of the road and defendant was two to three feet to his right of the center of the road.

At no time prior to the accident did plaintiff's automobile leave its right side of the road. The plaintiff operator did not see defendant leave his side of the road. The first that she knew of a collision was when she felt an impact on the left rear of her vehicle. Thereupon her car swerved to the left side of the road where it came to a stop after tipping over.

Defendant testified in substance as follows. As he was operating his truck on his side of the highway, he noticed plaintiff's car approaching and gradually coming over onto his side of the road. He pulled to his right but the front of plaintiff's car struck the left rear side of his truck. At no time was he in the center lane.

A police officer testified that he went to the scene on hearing a crash and found both cars nearly off the road on defendant's side with plaintiff's car behind that of defendant. He found tire marks leading to both cars, all on defendant's side of the road. These marks were plainly visible in photographs introduced as exhibits.

Defendant filed the following Requests for Rulings.

1. The evidence does not warrant a finding for the plaintiff.
2. The act of Barbara J. Hoggan in crossing onto the wrong side of Route 20 was an intervening act that severed any negligence on the part of the defendant in causing the alleged accident.
3. Barbara J. Hoggan's act in failing to keep to the right of the middle of Route 20 was a violation of General

Laws, Chapter 89, Section 1 which contributed to the alleged accident.

4. If Barbara J. Hoggan had not operated the vehicle that she was operating to the left of the middle of the travelled way, the alleged accident would not have occurred.

These rulings were disposed of as follows.

1. Denied.
2. Denied. I do not find as a fact that the said Barbara J. Hoggan crossed onto the wrong side of Route 20 previous to the happening of the accident.
3. Denied. I do not find as a fact that the said Barbara J. Hoggan failed to keep to the right of the middle of Route 20 previous to the accident.
4. Denied. I do not find that the said Barbara J. Hoggan operated her vehicle to the left of the middle of the travelled way previous to the accident.

The court found as follows: Count I for the plaintiff and assessed damages in the sum of $860. Count II and Count III for the defendant.

Only the finding for property damage in favor of plaintiff, William Hoggan, is before us on appeal as Barbara Hoggan did not appeal.

The testimony of Barbara Hoggan that at no time prior to the accident did she leave her side of the road was apparently believed by the trial judge. It necessarily followed, since there was a collision, that he believed that defendant left his side of the road and came over onto plaintiff's side. This would justify a finding that defendant was negligent and warrant recovery by William Hoggan, the bailor, regardless of the negligence of Barbara Hoggan, the bailee.

The perplexing part of the situation is that having inferentially, if not specifically, found Barbara Hoggan to have been in the exercise of due care, the trial judge denied her recovery, which could only be on the ground that she had been negligent, — a conclusion for which there was ample evidence

in the testimony of the defendant, the policeman and the photographs.

Had Barbara Hoggan appealed the finding in her case, this court would have been in a position to remand the cases for a new trial on the ground of inconsistency in the findings of the trial court. This court, however, has only one case before it and in that case, taken by itself, the finding can be justified even though it may appear to be against the weight of the evidence disclosed by the record. *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143; *Ashaph v. Reed*, 280 Mass. 514, 516; *Casey v. Gallagher*, 326 Mass. 746, 748.

Barbara Hoggan, not having appealed the finding in her case, it is not strictly before us. Furthermore, there is nothing to indicate that defendant's first request for ruling applies to William Hoggan rather than to Barbara Hoggan. If it applies to her, defendant has no question of law to go up on in William Hoggan's case. This is somewhat analagous to an ambiguous bill of exceptions which the court construes against the party appealing. *Damon v. Carroll*, 163 Mass. 404.

On the whole, but without enthusiasm, the order is: Report dismissed.

Winslow S. Macdonald, for the plaintiffs.
James D. Casey, for the defendant.