Where a *ca. sa.* on a judgment against a sheriff was delivered to the *coroner*, who arrested the sheriff, and delivered him in the gaol, to the custody of the under sheriff and gaoler, and the sheriff, immediately after, went at large; it was held, that the *coroner* was liable for an *escape*. The sheriff is not privileged from arrest and imprisonment for debt; and when arrested, the *coroner*, is bound to make his own house the gaol, for the purpose of keeping him in custody; this being a *casus omissus* in the statute book, and the coroner left to the rule of the common law, by which a sheriff might make his own house, or any other place, a prison.

DAY and WHITTLESEY *against* BRETT.

THIS was an action of debt, against the defendant, as coroner, for the escape of *Clark Lawrence*, late sheriff of *Delaware*. A verdict was taken for the plaintiff, subject to the opinion of the court.

The plaintiff set forth in his declaration a judgment obtained in this court, in *February* term, 1808, for 116 dollars, against *Lawrence*, then sheriff of *Delaware* county, upon which a *ca. sa.* was issued, returnable at *August* term, 1808, which was delivered to the defendant, as *coroner*.

At the trial, the plaintiff proved the judgment and *ca. sa.* and that the defendant confessed, that, on the 14th of *June*, 1808, having the *ca. sa.* in his possession, he met *Lawrence* near the court-house in *Delaware*, and told him of the *ca. sa.* that *Lawrence* then said he had in his custody a convict, and was going with him to the state-prison, and claimed, on that account, an exemption from arrest; that the defendant permitted *Lawrence* to proceed to the city of *New-York*; that after his return the defendant arrested him, about the 1st of *July*, 1808, and delivered him in gaol, to the deputy-sheriff who was gaoler; that, on the same day, *Lawrence* left the gaol, and went at large.

It was agreed, that if the court should be of opinion, that the plaintiffs were entitled to recover, a judgment should be accordingly entered; otherwise a judgment of nonsuit.

The following questions were raised for the consideration of the court:

1. Can the sheriff be arrested on a *ca. sa.*?

2. Was there, in fact, an arrest on the 14th *June*, 1808?

3

3. If so, was the sheriff privileged from arrest, at that time, on account of his being on his way to *New-York*, with a convict?

4. Whether the delivery of the sheriff to the custody of the gaoler, and his going at large, immediately thereafter, was an escape for which the coroner is liable?

*E. Williams*, for the plaintiff, contended, that the sheriff, having submitted to an arrest, he must be considered as having been arrested, and in execution, so as to render the coroner liable, for his subsequent escape.

*Sherwood* and *Ruggles*, contra, observed, that it was against public policy to permit a sheriff to be taken on execution, as he has the custody of the county. It is not said, in the books, in which the powers of a coroner are defined,* whether he has power to take the sheriff on a *ca. sa.* And if he does arrest him, he cannot give him the liberties of the gaol, to which other prisoners are entitled.

* 4 *Co.* 271. 1 *Bl. Com.* 338.

The meeting between the coroner and sheriff, in *June*, 1808, did not amount to an arrest.† Nor does it appear that the sheriff submitted to an arrest. He was clearly privileged, while in the actual exercise of the duties of his office. Persons may be privileged as to *final*, as well as to *mesne* process.‡

† *Tidd's Pr.* 92, 93.

The sheriff, by law, has the custody of the gaol, and of all the prisoners, and it is absurd to suppose that the sheriff can be imprisoned in his own gaol, or put into his own custody. Unless, therefore, some other place is provided by law, there appears no remedy. How is the *coroner*, then, to keep the prisoner? Would the keeping of the sheriff, at the coroner's house, amount to such an imprisonment at law, on execution, as would exempt the coroner from being liable for an escape?

‡ *Tidd,* 53, 54. 61. 5 *Term Rep.* 686. *Barnes,* 200. *Com. Dig. Privil.* (A. 1.)

* 1 *Mod.* 198.

But if any person in this case is liable for an escape, it is the under sheriff.

*Williams,* in reply, said, that the case of *Naylor* v. *Sharpley,** showed, that the sheriff was liable to arrest on a *ca. sa.* and that the coroner was the proper officer to serve the execution, and was liable for any negligence in regard to the arrest.

It is not pretended that the sheriff may not be taken on an attachment; and the argument, as to th public inconvenience or policy, would as well apply to his being arrested by attachment, as on a *ca. sa.* Even if the sheriff were privileged, the defendant cannot avail himself of it, after once having the plaintiff in his custody.

† 2 *Day's Cases in Error,* 30.

In the case of *Parsons* v. *Stanton,*† decided in *Connecticut,* it was held that the marshal of the *United States,* for that district, might be arrested and imprisoned for debt, by a sheriff, in the gaol of his county.

KENT, Ch. J. delivered the opinion of the court. The sheriff is not privileged from arrest and imprisonment for debt. There is no such exemption of him known in our law. It is the constant practice to arrest him on *mesne* process, and to make him responsible for his official conduct, by attachment. The *English* books, and our own proceedings, furnish many instances of this kind. There are not, indeed, many cases in which an execution has been issued against a sheriff's body, for debt, though the case of *Taylor* v. *Clark and Denny,* (3 *Leon.* 399.) is sufficient to show what the law is on the subject, and that the sheriff is as liable as any other person to be taken in execution. The reason why such precedents are scarce is, that the sheriff's station is such as to make him struggle to avoid such a process; for, as was said in the case of Sir *John Lanthall,* (*Sty.* 465.) "It is neither for his own credit, nor the honour of the court, that a sheriff should not pay his

debts." The only difficulty is to know what the co-
roner is to do with the sheriff, after he has taken
him in execution; and this was the only embarrassing
point with the court, in the above case of *Somes* v. *Len-
thall.*

In the present case, the defendant, after he had ar-
rested the sheriff, on the 1st of *July*, (for the preceding
interview with the sheriff did not amount to an arrest,)
delivered him in the gaol of the county, to the deputy-
sheriff and gaoler, and he was, immediately thereafter,
seen at large.

The sheriff has, by statute, (*Laws*, vol. 1. 208.) and
so he had at common law, (*Dalton's Sheriff*, p. 5.)
the custody of the gaols and prisons of the county,
and the prisoners in the same. It is absurd, then, to
suppose, that the sheriff can be committed to the gaol
of which he has, by law, the custody, and of which he
appoints the keeper. None of the provisions in the
statutes, relative to sheriffs and gaols, do, or can, by
any reasonable construction, apply to this case, of an
imprisonment of the sheriff himself. This must be
considered as a *casus omissus* in the statute book, and it
is left as it was at common law, by which the sheriff
might make his own house, or any other place, a prison.
(*Latch.* 16. *Anon.*) This is what the *coroner* ought to
have done; for when process is awarded to him, to be
executed, he is, as the old books express it, *locum tenens
vicecomitis;* and has the common law powers of a
sheriff. He was bound, in this case, to have found
some other place within the county than the common
gaol, for the imprisonment of the sheriff. It is to be
regretted that there is no legislative provision applicable
to this case; and until some be made, we must lay
down the rule of the common law as we find it, how-
ever inconvenient it may be to the officer, or hard upon
the party. It is not to be admitted that a sheriff is to

NEW-YORK, May, 1810.

be exempt d from the payment of his debts, or from the established means provided to compel a debtor, in all other cases.

The delivery of the sheriff to the county gaol, and leaving him there, was an escape; and judgment must be for the plaintiff.

Judgment for the plaintiff.