MICHAEL O'BRIEN *vs.* PERLEY W. ANNIS & another.

Middlesex.   Jan. 12. — March 4, 1876.   COLT & ENDICOTT, JJ., absent.

The service of a writ of execution, duly commenced by a constable, may be completed by him after the expiration of his term of office.

A demand upon trustees of an execution debtor named in the writ of execution, and a search for goods and effects of the debtor, is such a commencement of service of the execution as will warrant a constable in completing the service, after the expiration of his term of office, by an arrest of the debtor.

TORT for an illegal arrest and imprisonment. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

Kendall H. Blanchard, one of the defendants, recovered judgment before a justice of the peace of Middlesex County, against the plaintiff, on January 12, 1874, and, upon an execution issued upon the judgment, and an affidavit for arrest, made on February 28, 1874, the defendant Annis arrested the plaintiff on March 11, 1874.

The execution, dated January 12, 1874, after reciting the judgment and the award of execution against the goods, effects and credits of the defendant in the hands of Frank Miles and Orin Hanscom, trustees of the defendant, commanded the officer "that of the goods and chattels of the said defendant in his own hands and possession, and of the goods, effects and credits of the said defendant in the hands and possession of said trustees jointly and severally, you cause to be paid and satisfied unto the said plaintiff, at the value thereof in money, the aforesaid sums, being thirty-four dollars and twenty-one cents in the whole, together with interest thereon from the said date, with twenty-five cents more for this writ, and thereof also to satisfy yourself for your own fees ; and for want of such goods and chattels of the said defendant in his own hands and possession to be by him shown unto you, or found in your precinct, to the acceptance of the said plaintiff ; and for want of goods, effects and credits of the said defendant in the hands and possession of the said trustees, to be by them discovered and exposed to you, to satisfy the several sums aforesaid, together with interest thereon from the said date, with your own fees, we command you to take the body of the said defendant, and him commit unto either of our jails in our county of Middlesex aforesaid, and detain in your custody within our said jail, until he pay the full sums above mentioned, with your fees, or that he be discharged by the said plaintiff creditor, or otherwise by order of the law."

The officer's return, under date of March 13, 1874, was as follows : "By virtue hereof I made demand on the 14th day of January last past upon the within named Frank Miles and Orin Hanscom to expose and exhibit to me any goods, effects or credits in their hands or possession at the time of the service of the original writ in this action belonging to the within named Michael O'Brien, whereupon I might levy and satisfy this execution, or any part thereof, and they then and there neglected and

refused to exhibit or show me any. And I made diligent search after the goods and effects of the within named Michael O'Brien, but could find none in my precinct belonging to him, and afterwards, on the 11th day of March now current, by virtue of this execution and certificate hereto annexed, and for want of goods or estate of the said Michael O'Brien that I could find in my precinct, and for want of any goods, effects or credits of the said Michael O'Brien, in the hands or possession of the within named trustees, disclosed and exposed to me, I have arrested the body of the said Michael O'Brien, and carried him before Dexter Bucknam, Esq., a trial justice of said county of Middlesex, and the said defendant has given recognizance to appear within thirty days, according to the law in such case made and provided."

Annis was elected constable of the town of Stoneham on March 10, 1873, took the oath of office on the same day, and on March 13, 1873, gave bonds as such constable, filed in the office of the clerk of the town on the same day ; he was also elected constable of the same town on March 9, 1874, took the oath of office on the same day, and gave bond to the town of Stoneham, as such constable, approved on March 12, 1874, and filed in the office of the clerk of the town of Stoneham on March 24, 1874.

Upon the foregoing facts, the judge ruled that the plaintiff could maintain this action, and ordered judgment for the plaintiff against both defendants, for the sum of $25 damages. The defendants alleged exceptions.

*B. F. Briggs*, for the defendants.

*W. P. Harding*, for the plaintiff.

DEVENS, J. Upon the facts in this case, it must be deemed that Annis had commenced the service of the writ of execution before March 9, when he was elected to and accepted the office of constable for the second year. The execution delivered to him was only to be served by arrest of the person for want of goods, effects or credits to be exhibited by the trustees, and for want of property of the principal defendant which he could find. On the 14th day of January (the execution having been committed to him on the 12th) he made demand on the alleged trustees, and also search for the property of O'Brien. No return of the execution was made by him, but on February 28,

the necessary affidavit having been made, the certificate of the magistrate authorizing an arrest of the person was appended to the writ, and the arrest was made on March 11. The demand upon the trustees and the search for the property of O'Brien were acts which it was the duty of the officer to perform before making any arrest, even if the certificate authorizing him so to do had been appended to his process at the time he received it, and his performance of them constituted a commencement of the service of it. Having thus commenced, even if it be assumed that his office as constable under his first election was terminated by his second election and acceptance, he had still a right, by virtue of the first election and the bond given by him pursuant to the Gen. Sts. *c.* 18, § 61, to complete the service. It is a general rule of the common law that when an officer has once commenced the service of a process, he is entitled and even bound to proceed to its completion, although he may have been removed from or gone out of office. *Clerk* v. *Withers,* 1 Salk. 322. *Welsh* v. *Joy,* 13 Pick. 477. *Capen* v. *Doty,* 13 Allen, 262, and cases cited.

Even if the explicit authority given by the Gen. Sts. *c.* 17, § 68, to deputy sheriffs to serve all processes in their hands at the time of their removal from office is not in terms conferred upon constables in towns, yet, when in certain cases they are authorized to serve writs, they are invested, in making such service, with all the authority conferred on officers by the common law. Annis was not therefore a trespasser in completing the service of the writ in his hands by the arrest of O'Brien.

This view renders it unnecessary to consider whether the bond given by Annis at the time of his first election was a sufficient compliance with the Gen. Sts. *c.* 18, § 61, so as to authorize him to serve writs under his second election, even if no additional bond was filed.                          *Exceptions sustained.*