IDA E. GRIFFIN *vs.* FREDERICK E. BETTS & another.
SAME *vs.* JOHN M. FISHER & others.

Suffolk. November 12, 1902. — November 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Poor Debtor*, Recognizance.

Descriptions of the plaintiff in the writ and in the execution on which a judgment debtor is arrested as of "Newmarket in the County of Rockingham and State of New Hampshire " taken together are sufficient, in the absence of any evidence to the contrary, to warrant a finding that at the time the execution issued the creditor was not a resident of Suffolk County in this Commonwealth, and that he continued to be a non-resident for more than thirty days after the defendant gave recognizance as a poor debtor.

Evidence, that no notice of a desire to take the oath for the relief of poor debtors was given by a defendant arrested on execution and released on recognizance in an action by a non-resident creditor, either to the officer who made the arrest or to the creditor's attorney of record, warrants a finding that the defendant has committed a breach of his recognizance.

TWO ACTIONS OF CONTRACT by the same plaintiff against different defendants each for an alleged breach of a recognizance by a poor debtor. Writs in the Municipal Court of the City of Boston dated respectively August 2 and July 26, 1901.

' On appeal to the Superior Court both cases were tried before _Bond_, J., who refused to give the instructions requested by the defendants. The jury in each case returned a verdict for the plaintiff; and the defendants alleged exceptions.

_P. J. Casey_, for the defendants.

_R. S. Bartlett_, for the plaintiff.

HAMMOND, J. The first action was upon a poor debtor's recognizance. It is contended by the defendants that the evidence was insufficient to warrant a finding that there had been a breach. The breach relied upon was the failure to give the required notice of the desire of the judgment debtor to take the oath for the relief of poor debtors. The statute provides that " when the . . . creditor is . . . not a resident in the county where the arrest is made, the notice shall be served upon the agent or attorney if he lives in the county or has his usual place of business therein; but if no such agent or attorney is found within the county, the notice may be served on the officer who made the arrest"; and that " The person who made the writ may always be regarded as the attorney of the . . . creditor, when an arrest is made . . . on an execution issued thereon." Pub. Sts. c. 162, § 32.

Both the writ in the original action and the execution upon which the judgment debtor was arrested describe the creditor as of " Newmarket in the County of Rockingham and State of New Hampshire." These recitals taken together are sufficient in the absence of any evidence to the contrary to warrant a finding that at the time the execution issued the creditor was a non-resident of Suffolk County in this State and continued to be such for more than thirty days after the recognizance was taken. From the other evidence in the case the jury were warranted in further finding that the judgment debtor was legally arrested upon the execution in Suffolk County, in this State; that Mr. Bartlett the plaintiff's attorney in the case at bar, was attorney of record for the plaintiff in the action in which the arrest was made, and that no notice of a desire to

take the oath for the relief of poor debtors had been served either upon the officer who made the arrest or upon the creditor's agent or attorney. Upon such a finding of facts there was a case for the plaintiff.

The exception to the admission of the testimony of Silsby, the officer who made the arrest, that no notice had been served upon him, is too trivial to require discussion.

The verdict was rightly taken for the penal sum of the recognizance, so that judgment may be entered thereon. The amount justly and equitably due, for which execution shall issue, is to be hereafter determined. Pub. Sts. c. 162, § 64. R. L. c. 168, § 66.

The second case is also upon a recognizance. The questions arising upon the bill of exceptions are substantially the same as in the first case, and need not be separately treated.

*Exceptions in each case overruled.*