PETER E. BRAZILL *vs.* GEORGE W. GREEN & another.

Suffolk. March 2, 1920. — May 22, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Execution. Evidence,* Presumptions and burden of proof. *Recognizance. Contract,* Performance and breach. *Assignment. Practice, Civil,* Parties.

Upon an execution, issued upon a judgment in an action of tort, commanding the officer, "of the goods, chattels or lands of the said judgment debtor, within your precinct, you cause to be paid and satisfied" the amount payable thereunder, and "for want of goods and chattels, or lands of the said judgment debtor, to be by him shown unto you, or found within your precinct. . . . We command you to take the body of the said judgment debtor . . ." the officer may arrest the judgment debtor without first demanding payment or searching for property on which to levy the execution.

Where, at the trial of an action upon a recognizance entered into by a judgment debtor arrested on an execution issued to enforce a judgment in an action of tort, the plaintiff introduced evidence of the judgment, the execution, the return of the officer making the arrest and the certificate of a master in chancery before whom the recognizance was entered into, and rested and no further evidence was admitted, a verdict for the defendants should have been ordered upon their motion, no breach of the recognizance being shown.

The mere fact that, after the entry of a judgment in an action of tort and the issuance of an execution for its enforcement, the judgment creditor by an instrument in writing and under seal assigned to a third person "all and whatever sum or sums of money now due and coming due to" him on the judgment, "with power to collect the same in my name and as my attorney, hereunto duly authorized to his own use," the instrument also providing that the assignor was to be saved harmless from all expense in the matter, is no defence to an action brought

in the name of the judgment creditor upon a recognizance, entered into by the judgment debtor and a surety when, after the assignment was made, the debtor was arrested upon the execution, it being necessary that the recognizance be based on the record of the judgment and it not being necessary for the assignee to bring the action thereon in his own name.

CONTRACT on a recognizance in the sum of $300 entered into by the defendant George W. Green as principal and the defendant John J. McCarthy as surety under R. L. c. 168, § 30. Writ in the Municipal Court of the City of Boston dated November 2, 1918.

Upon removal to the Superior Court the action was tried before *Morton,* J. The plaintiff introduced evidence of a judgment in tort in his favor against the defendant Green, and the issuance of an execution thereon for $151.24, damages, and $42.42, costs of suit. Subject to exceptions by the defendants, he was allowed to introduce in evidence the execution which issued on the judgment, the officer's return, showing that the defendant Green was arrested and taken before a master in chancery, where he recognized with surety for his appearance within thirty days before some court having jurisdiction to examine him as a poor debtor, and the certificate of the master in chancery. The plaintiff then rested.

The defendants offered evidence showing that after the date of the judgment and before the arrest of the judgment debtor the plaintiff had assigned the judgment to one Milton by an instrument in writing and under seal reciting that, for a consideration of $2, the plaintiff did "sell, assign, and transfer to said Henry S. Milton the judgment against George W. Green entered in the Superior Court for the County of Suffolk on August 29, 1918, all and whatever sum or sums of money now due and coming due to me from George W. Green on the judgment aforesaid of said Boston to have and to hold the same to the said Henry S. Milton with power to collect the same in my name and as my attorney, hereunto duly authorized to his own use. It is expressly understood, however, that I the said Brazill are forever to be kept and saved harmless by the said Milton from all cost or charge hereafter in any way or manner, for and from the expense of the collection of the sum and sums hereby sold and assigned." The evidence was excluded.

At the close of the evidence, the defendants moved that a ver-

dict be ordered in their favor. The motion was denied. They then asked for the following rulings:

"1. That unless the plaintiff, Peter E. Brazill, was the owner of the judgment and execution at the time of the giving of the recognizance, he cannot recover in this action.

"2. That when a judgment has been sold and assigned and an arrest made on an execution issued on said judgment after said sale and assignment, the recognizance given to release the debtor must run to the assignee, or if to the assignor, it must be expressed for the use and benefit of the assignee.

"3. That no person foreign to a record can recover thereunder.

"4. That any suit on a record no evidence can be offered to alter, change or amend the record.

"5. That on all the evidence the defendants are entitled to a verdict."

The rulings were refused. The judge ordered a verdict for the plaintiff in the penal sum of the recognizance; and the defendants alleged exceptions.

*D. B. Beard,* for the defendant Green.

*J. L. Sheehan,* for the defendant McCarthy.

*H. S. Milton,* for the plaintiff, submitted the case without argument or brief.

JENNEY, J. In this action on a recognizance entered into by George W. Green as principal and John J. McCarthy as surety, under R. L. c. 168, § 30, the defendants claim that the verdict ordered for the plaintiff ought not to stand. They base their objections thereto on the officer's return on the execution hereinafter referred to, on the absence of evidence of any breach of the recognizance, and on the exclusion of evidence relating to the interest of the plaintiff in the proceedings in which the recognizance was given.

The exception to the admission of the execution, of the officer's return thereon, and of the certificate of the master in chancery as to the recognizance is not argued, and is considered as waived. See concerning the questions involved in the admission of this evidence, *Peck* v. *Emery,* 1 Allen, 463; *Blake* v. *Mahan,* 2 Allen, 75; *Damon* v. *Carrol,* 163 Mass. 404; *Bent* v. *Stone,* 184 Mass. 92; *Warburton* v. *Gourse,* 193 Mass. 203.

1. It is contended that the officer's return shows no legal arrest

of the defendant Green, and that the recognizance is void for that reason. The execution was issued in an action of tort; therefore no preliminary affidavit and certificate were necessary. R. L. c. 168, § 17. The execution, which is in the usual form, commands the officer, "of the goods, chattels, or lands of the said judgment debtor, within your precinct, you cause to be paid and satisfied" the amount payable thereunder, and "for want of goods and chattels, or lands of the said judgment debtor, to be by him shown unto you, or found within your precinct. . . . We command you to take the body of the said judgment debtor. . . ." The officer's return does not show any demand for payment on Green or any failure on his part to satisfy the execution or expose "goods, chattels, or lands" to be applied in payment thereof. An officer, having in his hands an execution authorizing the arrest of a judgment debtor, is not obliged before making an arrest thereon to demand payment, or to search for property on which to levy the execution. It is provided in R. L. c. 177, § 28: "If an execution is in the alternative, so that it may be lawfully served in any of two or more ways, the creditor or his attorney may require the officer to serve it in any of said ways; and the officer shall conform to such directions if it is in his power." In *Dooley* v. *Cotton*, 3 Gray, 496, at page 497, it was said: "That our process of writ of execution being in the alternative, to take either goods and chattels, or lands, or the body of the debtor, either of the three modes may be selected by the creditor, or by the sheriff, with the privity or subsequent assent of the creditor, has been long sanctioned by practice, and good authority. *Lyman* v. *Lyman*, 11 Mass. 317. *Woodward* v. *Hopkins*, 2 Gray, 210, 213. It seems also to be sanctioned by the express provisions of the Rev. Sts. c. 97, § 12." In *Webber* v. *Davis*, 5 Allen, 393, at page 397, this court said: "The defendants objected that the officer's return on the execution did not state that he had made any search for the goods, chattels and lands of Davis within his precinct, or that he was directed to arrest the body of Davis. No authority is cited in support of this objection, and the want of such search, or of directions from the plaintiff, could not make the arrest illegal. An execution had been put into his hands, having upon it a certificate such as the statute requires to authorize the arrest of the defendant, and that was sufficient." See also *Hoar* v. *Tilden*, 178 Mass. 157.

The only intimation to the contrary is found in *O'Brien* v. *Annis*, 120 Mass. 143, where the question involved was whether a constable had so far proceeded in the service of an execution as to justify him in continuing to act thereunder after his term of office had expired, and where at page 145 it was said: "The execution delivered to him was only to be served by arrest of the person for want of goods, effects or credits to be exhibited by the trustees, and for want of property of the principal defendant which he could find." The statute, and the cases from which quotations have been made, were not referred to, and the broad language used cannot be construed as an attempt to overrule the cases or limit the statute. The case is authority for the proposition that a demand on a trustee named in an execution, and a diligent search for goods and effects of the principal defendant are a commencement of its service. Even if not necessary, such proceedings were proper, and such a demand on a trustee is necessary in order to protect fully the rights of a judgment creditor. R. L. c. 189, §§ 40, 41. See *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545.

2. A verdict should have been ordered for the defendants, because there was no evidence of any breach of the recognizance. *Damon* v. *Carrol, supra. Temple* v. *Phelps*, 193 Mass. 297, 302. See R. L. c. 173, § 6, cl. 11.

3. The defendants offered to prove that, after the execution had been issued against Green and in favor of Brazill, but before the arrest of Green thereon, the plaintiff had executed a written assignment of the judgment to Henry S. Milton. There was no offer of proof that Brazill was acting otherwise than for the benefit of his assignee. The evidence was properly excluded, because if admitted it did not constitute a defence. The judgment, although not assignable at common law, could be transferred in equity. *Dunn* v. *Snell*, 15 Mass. 481. *Norton* v. *Piscataqua Fire & Marine Ins. Co.* 111 Mass. 532. *Baker* v. *Wood*, 157 U. S. 212. *Hayes* v. *Rich*, 101 Maine, 314. It has been held under a statute similar to R. L. c. 173, § 4, that a judgment can be transferred by written assignment so that an action thereon may be brought in the name of the assignee. *Wood* v. *Decoster*, 66 Maine, 542. *Ware* v. *Bucksport & Bangor Railroad*, 69 Maine, 97. The assignment offered in evidence, having been made after the recovery of judgment and

the issuance of the execution, did not substitute the assignee as the judgment creditor, and proceedings upon the execution necessarily continued in the name of the assignor who was still a party of record. When after the arrest, a recognizance was given, it was of necessity based on the record. An action thereon can be maintained in the name of the judgment creditor for the benefit of the assignee of the judgment. The recognizance took the place of the body of the defendant Green, and the beneficial interest therein passed without any formal transfer as an incident to the judgment; but there being no written assignment of the recognizance, the assignee of the judgment was not within R. L. c. 173, § 4. *Rogers* v. *Abbot*, 206 Mass. 270. It was not necessary to bring the action for the benefit of the assignee. *Moore* v. *Spiegel*, 143 Mass. 413. *Kelly* v. *Greany*, 216 Mass. 296. The extended terms of a recognizance taken under R. L. c. 168, §§ 29, 30, closely follow the recitals in an execution, and such recognizance properly runs to the judgment creditor. *Commonwealth* v. *Cutter*, 156 Mass. 52. *Bolen* v. *Crosby*, 49 N. Y. 183.

Although the exception of the defendants to the refusal to allow their motion for the direction of a verdict must be sustained, because there was no evidence of a breach of the recognizance, the other questions argued by the defendants have been considered, as they may arise in the course of another trial of this action.

*Exceptions sustained.*