PETER E. BRAZILL *vs.* GEORGE W. GREEN & another.

Suffolk.    October 20, 1922. — December 2, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Execution.   Arrest.   Poor Debtor.   Recognizance.   Constable.   Public Officer.*

The judgment debtor in a judgment in an action of tort was arrested upon an execution dated August 30, which recited that the judgment was recovered "on the        day of August." *Held*, that the mere omission in the execution of the day of the month on which the judgment was recovered did not render the execution void, and that the arrest was justified if otherwise according to law.

In an action upon a recognizance given under R. L. c. 168, § 30, by a judgment debtor and a surety upon the arrest of the judgment debtor, the following facts appeared: After the recovery of the judgment and before the arrest, the judgment creditor had assigned his rights under the judgment and execution to his attorney in the action upon which they were based. To prove a breach of the recognizance, the plaintiff apparently relied on a failure of the defendant to deliver himself up for examination before some tribunal qualified to act and to give notice of the time and place fixed for the examination in case there had been such delivery. There was evidence tending to show that one of the defendant's attorneys was present at the time the recognizance was given; that such attorney personally did not "send, or cause to be sent, any notice of an examination to the creditor;" that he had no knowledge whether any such notice was sent and no recollection of going before any "magistrate . . . having jurisdiction of the case" and of procuring any notice of such examination; that the assignee of the judgment never received notice of the examination, and that no such notice was served upon the person who made the arrest. Neither the judgment creditor nor the judgment debtor testified, and

it appeared that due diligence had been exercised to procure the attendance
of the judgment debtor. *Held,* that

(1) Notwithstanding the assignment, the requirements of R. L. c. 168, § 34,
would have been satisfied if the notice there described had been given to the
judgment creditor;

(2) There was no evidence that there had been no service upon the judg-
ment creditor of the notice of héaring required by R. L. c. 168, § 34;

(3) The evidence was not sufficient to warrant a finding that there had been
a breach ǒf the recognizance.

A constable is not exempt from arrest upon an execution against him issuing upon
a judgment in an action of tort unless at the time of the arrest he actually is
engaged in the performance of his duties as constable.

At the trial of the action above described, the defendants contended that the
arrest of the judgment debtor was invalid because made by an officer not au-
thorized to make it. There was a verdict for the plaintiff and, exceptions by
the defendants being sustained for other reasons, *it was stated* that, where a
return on a writ is made by one who purports to act as an officer qualified to
serve process, it is presumed that the signer is an incumbent of the office until
the contrary is proved, and that, while the acts of *de facto* officers in the service
of process cannot be inquired into collaterally, it may be shown that the person
making the return acted without authority.

CONTRACT on a recognizance in the sum of $300 entered into
under R. L. c. 168, § 30, by the defendant George W. Green as
principal and the defendant John J. McCarthy as surety. Writ
in the Municipal Court of the City of Boston dated November 2,
1918.

Upon removal to the Superior Court, the action first was tried
before *Morton,* J., when a verdict was ordered for the plaintiff
in the penal sum of the bond subject to exceptions by the de-
fendants. The action then was tried before *Aiken,* C.J. Material
evidence is described in the opinion. At the close of the evi-
dence, the defendants severally moved for verdicts in their favor.
The motions were denied. They then asked that the following
instructions be given to the jury:

"1. That on all the evidence the court instructs the jury to
find for the defendants.

"2. That the arrest of George W. Green was unlawful.

"3. If the jury find that Green was a duly appointed constable
of the city of Boston, and had given an official bond as such,
according to law, he was not liable to arrest in this case, for a
breach of his official duty as constable.

"4. That Green, as a constable of the city of Boston, was a
public officer.

"5. There is no sufficient evidence of a breach of recognizance declared on.

"6. The officer's return is insufficient to prove that Green was arrested, as set forth in plaintiff's declaration.

"7. If Green was not arrested according to law, McCarthy would not be liable.

"8. That the plaintiff Brazill was a proper person on whom notice should be served."

The requests were refused. The jury found for the plaintiff in the penal sum of the recognizance, $300; and the defendants alleged exceptions.

*D. B. Beard,* for the defendants.

*J. J. Higgins & A. Leonard,* for the plaintiff, submitted a brief.

JENNEY, J. This action of contract to recover on a poor debtor recognizance entered into under R. L. c. 168, § 30, has already been before this court. *Brazill* v. *Green,* 236 Mass. 93.

The defendants urge that the arrest of George W. Green, the principal of the recognizance, was unlawful because the execution on which he was arrested recited the judgment as recovered "on the      day of August A.D. 1918." It was dated August 30, 1918, and properly could not have been issued until twenty-four hours after the entry of judgment. R. L. c. 177, § 16, G. L. c. 235, § 16. *Washington National Bank* v. *Williams,* 188 Mass. 103. The omission of the day of the month did not render the execution void; it could have been amended or overruled, and until overruled or service restrained or suspended was not invalid. *Runlet* v. *Warren,* 7 Mass. 477. *Stevens* v. *Roberts,* 121 Mass. 555. *Currier* v. *Bartlett,* 122 Mass. 133. *Nims* v. *Spurr,* 138 Mass. 209. *Chesebro* v. *Barme,* 163 Mass. 79, 81. *Tellefsen* v. *Fee,* 168 Mass. 188, 193, and cases cited. *Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380. *Perkins* v. *Spaulding,* 2 Mich. 157. *Stewart* v. *Severance,* 43 Mo. 322. *Bank of Whitehall* v. *Pettes,* 13 Vt. 395. *Swift* v. *Agnes,* 33 Wis. 228. It justified an arrest otherwise made according to law. The copy of this execution given in the original papers in *Brazill* v. *Green, supra,* states the date of judgment as August 29, 1918.

The defendants also contend that there was no evidence of a breach of the recognizance. The only testimony as to the residence of Brazill, the judgment debtor, is contained in the

execution dated August 30, 1918, and in two assignments dated September 11, 1918, and January 8, 1919, respectively, where he is described as of Boston. On September 23, 1918, Green, having been arrested on the execution and taken before a proper magistrate, entered into a recognizance under R. L. c. 168, § 30, with the defendant John J. McCarthy as surety, that within thirty days from the day of his arrest he would deliver himself up for examination before the tribunal provided by law, and give due notice of the time and place fixed therefor. *Stearns* v. *Hemenway,* 162 Mass. 17. *Boston Wall Paper Co.* v. *Mullen,* 163 Mass. 20. The arrest having been made in Boston, application to take the oath for the relief of poor debtors could not be made in a county other than Suffolk. *Dalton-Ingersoll Co.* v. *Hubbard,* 174 Mass. 307.

The plaintiff, however, could not get on by proof of the recognizance, but had to offer evidence of a breach of its terms. *Brazill* v. *Green, supra,* and cases cited at page 97. He apparently relied on a failure of the defendant to deliver himself up for examination before some tribunal qualified to act and to give notice of the time and place fixed for the examination in case there had been such delivery. R. L. c. 168, § 30, G. L. c. 224, § 20. The evidence was that one of Green's attorneys was present at the time the recognizance was given; that said attorney personally did not "send, or ·ause to be sent, any notice of an examination to the creditor;" that he had no knowledge whether any such notice was sent and no recollection of going before any "magistrate . . . having jurisdiction of the case" and of procuring any notice of such examination; that the assignee of the judgment, (see *Brazill* v. *Green, supra,*) who was attorney for the plaintiff in the action in which the execution issued by virtue of which Green was arrested, never received notice of the examination; and that no such notice was served upon the person who made the arrest. Neither Brazill nor Green testified; and it appeared that due diligence had been exercised in the endeavor to summon the latter. The evidence was not sufficient to warrant a finding that there had been a breach of the recognizance. R. L. c. 168, § 34, so far as material, provides that notice shall be served by an officer qualified to serve civil process by giving to the plaintiff or creditor, or his agent or attorney, an attested copy thereof, or by leaving

such copy at the last and usual place of abode of the plaintiff or creditor, or of his agent or attorney, and that if the plaintiff or creditor is not living, or if he is not a resident in the county in which the arrest had been made and no agent or attorney is found therein, service can be made on the arresting officer. Notwithstanding the assignment, notice could still have been served on the plaintiff in the original case. *Brazill* v. *Green, supra.* The evidence did not tend to prove that service was not and could not have been made on him; for this reason the exception to the request for a directed verdict must be sustained.

It should be noted that, until R. L. c. 168, § 34, took effect, the law required that, in case the creditor was not a resident in the county in which the arrest was made, notice should be served upon the agent or attorney. Pub. Sts. c. 162, § 32. *Griffin* v. *Betts,* 182 Mass. 323. As to the statutory change by reason of which in such case service is permitted on the agent or attorney, but still may be made upon the creditor, see Report of Commissioners for Consolidating and Arranging the Public Statutes (1901) c. 168, § 34; Report of Joint Special Committee on the same (1901) c. 168, § 34. Journal of Joint Special Committee on the same (1901) 357.

The defendants contend that Green was exempt from arrest because he was a constable of the city of Boston. Assuming that this question is now open to the defendants, it is clear that there was no such exemption unless at the time of the arrest Green was actually engaged in the performance of the duties of his office. Exemptions of the character claimed are for the protection of the public interests which do not require that such a general privilege should be conferred. *Bolton* v. *Martin,* 1 Dall. 296. *Day & Whittlesey* v. *Brett,* 6 Johns. 22. *Coxson* v. *Doland,* 2 Daly (N. Y.) 66. Compare *Avery* v. *Wetmore,* Kirby (Conn.) 48. The only statutory exemption of officers of this character, that of a sheriff, is not extended to his deputies. G. L. c. 37, § 10. *George* v. *Fellows,* 58 N. H. 494.

We need not fully consider whether the evidence justified a finding that the officer making the arrest had authority to act. The question is not liable to arise in the same form at another trial. Where a return on a writ is made by one who purports to act as an officer qualified to serve process, it is presumed that

the signer is an incumbent of the office until the contrary is proved. *Commonwealth* v. *Gearing,* 1 Allen, 595. *Webber* v. *Davis,* 5 Allen, 393. *Commonwealth* v. *Kane,* 108 Mass. 423. But it may be shown that the person making the return acted without authority. *Henshaw* v. *Savil,* 114 Mass. 74. The acts of *de facto* officers in the service of process cannot be inquired into collaterally. *Petersilea* v. *Stone,* 119 Mass. 465. *Attorney General* v. *Crocker,* 138 Mass. 214. *Commonwealth* v. *Wotton,* 201 Mass. 81. See as to the evidence admissible to establish authority, *Commonwealth* v. *Wright,* 158 Mass. 149; *Barry* v. *Smith,* 191 Mass. 78.

The other exceptions are not considered for the reason already stated.

*Exceptions sustained.*